IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

FILED

MAR 3 0 2000

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
                  DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. W-99-CR-070(2) |
| ) | |
| BRANDON BERNARD, (2) ) | |
| ) | |
| ) | |
| Defendant. ) | |

### NOTICE OF INTENT TO SEEK THE DEATH PENALTY

COMES NOW the United States of America, pursuant to 18 U.S.C. § 3593(a), by and through its undersigned counsel, and notifies the Court and the Defendant, BRANDON BERNARD in the above-captioned case that the Government believes the circumstances of the offenses charged in Counts One, Three, and Four, of the Second Superseding Indictment are such that, if the Defendant is convicted of one or more of these offenses, a sentence of death is justified under Chapter 228 (Sections 3591 through 3598) of Title 18 of the United States Code, and that the Government will seek the sentence of death for the Defendant, BRANDON BERNARD, for these offenses:  Carjacking which resulted in the death of Todd A. Bagley, in violation of 18 U.S.C. § 2119 and 2, and first degree murder (premeditated and felony murder), within the special maritime and territorial jurisdiction of the United States, of Todd A. Bagley and Stacie L. Bagley, in violation of Title 18, United States Code, § 1111, 2, 7(3) all of which carry a possible sentence of death.

The Government proposes to prove the following factors as justifying a sentence of death, if the Defendant is convicted of one or more of these crimes.

**COUNT ONE**

**CARJACKING RESULTING IN DEATH**

A.   <u>Statutory Proportionality Factors Enumerated under 18 U.S.C. § 3591(a)(2)(A)-(D)</u>.

    1.   **Intentional Killing.**  That the Defendant, BRANDON BERNARD aided and abetted in the intentional killing of Todd A. Bagley.  Section 3591(a)(2)(A).

    2.   **Intentional Infliction of Serious Bodily Injury.**  That the Defendant, BRANDON BERNARD aided and abetted in the intentional infliction of serious bodily injury and did intentionally inflict serious bodily injury that resulted in the death of Todd A. Bagley.  Section 3591(a)(2)(B).

    3.   **Intentional Acts to Take Life or Use Lethal Force.**  That the Defendant, BRANDON BERNARD intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim, Todd A. Bagley died as a direct result of the act.  Section 3591(a)(2)(C).

    4.   **Intentional Act That Created a Grave Risk of Death.**  That the Defendant, BRANDON BERNARD intentionally and specifically engaged in an act of violence, knowing that the act

created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Todd A. Bagley died as a result of that act. Section 3591(a)(2)(D).

B. <u>Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(c)</u>.

1. **Heinous, Cruel, or Depraved Manner of Committing Offense.** That the Defendant, BRANDON BERNARD committed the offense in an especially heinous, cruel, and depraved manner. Section 3592(c)(6).

3. **Pecuniary Gain.** That the Defendant, BRANDON BERNARD committed the offense in expectation of the receipt of something of pecuniary value. Section 3592(c)(8).

4. **Substantial Planning and Premeditation.** That the Defendant, BRANDON BERNARD committed the offense after substantial planning and premeditation. Section 3592 (c)(9).

5. **Multiple Killings or Attempted Killings.** That the Defendant, BRANDON BERNARD aided and abetted in the killing of Todd A. Bagley and Stacie L. Bagley in one single criminal episode.

C. <u>Other, Non-Statutory, Aggravating Factors Identified under 18 U.S.C. § 3593(a)(2)</u>.

1. **Future Dangerousness of BRANDON BERNARD.** That the Defendant, BRANDON BERNARD is likely to commit criminal acts of violence in the future which would be a continuing and serious

threat to the lives and safety of others.  <u>Simmons</u> v. <u>South Carolina</u>, 114 S.Ct. 2187, 2193 (1994).  In addition to the capital offenses charged in the Indictment and the statutory and non-statutory aggravating factors alleged in this Notice, BRANDON BERNARD has engaged in a continuing pattern of violent conduct, has threatened others with violence, has demonstrated low rehabilitative potential, and/or has demonstrated lack of remorse.

    2. **Vileness of the Crime.**  BRANDON BERNARD's conduct in committing the offense, apart from the other aggravating factors, was substantially greater in degree than that described in the definition of the crime.  <u>Smith</u> v. <u>Commonwealth</u>, 219 Va. 455, 478, 248 S.E.2d 135, 149 (1978), <u>cert</u>. <u>denied</u>, 441 U.S. 967 (1979).

    3. **Victim Impact Evidence.**  The Defendant, BRANDON BERNARD caused injury, harm, and loss to Todd A. Bagley's family because of his personal characteristics as individual human beings and the impact of the death upon his family.  <u>Payne</u> v. <u>Tennessee</u>, 111 S.Ct. 2597, 2608-09 (1991).

    4. **Victim was Killed in an Effort to Obstruct Justice.**  The Defendant, BRANDON BERNARD committed the offense for the purpose of preventing the victims from providing information and assistance to law enforcement authorities in regard to the investigation or prosecution of the defendants.

## COUNT THREE

## FIRST DEGREE (PREMEDITATED AND FELONY) MURDER WITHIN SPECIAL MARITIME AND TERRITORIAL JURISDICTION OF THE UNITED STATES

A.  **Statutory Proportionality Factors Enumerated under 18 U.S.C. § 3591(a)(2)(A)-(D)**.

1.  **Intentional Killing.** That the Defendant, BRANDON BERNARD aided and abetted in the intentional killing of Todd A. Bagley. Section 3591(a)(2)(A).

2.  **Intentional Infliction of Serious Bodily Injury.** That the Defendant, BRANDON BERNARD aided and abetted in the intentional infliction of serious bodily injury and did intentionally inflict serious bodily injury that resulted in the death of Todd A. Bagley. Section 3591(a)(2)(B).

3.  **Intentional Acts to Take Life or Use Lethal Force.** That the Defendant, BRANDON BERNARD intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Todd A. Bagley died as a direct result of the act. Section 3591(a)(2)(C).

4.  **Intentional Act That Created a Grave Risk of Death.** That the Defendant, BRANDON BERNARD intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the

participants in the offense, such that participation in the act constituted a reckless disregard for human life and Todd A. Bagley died as a result of that act. Section 3591(a)(2)(D).

B.  **Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(c).**

1. **Heinous, Cruel, or Depraved Manner of Committing Offense.** That the Defendant, BRANDON BERNARD committed the offense in an especially heinous, cruel, and depraved manner. Section 3592(c)(6).

2. **Pecuniary Gain.** That the Defendant, BRANDON BERNARD committed the offense in expectation of the receipt of something of pecuniary value. Section 3592(c)(8).

3. **Substantial Planning and Premeditation.** That the Defendant, BRANDON BERNARD committed the offense after substantial planning and premeditation. Section 3592 (c)(9).

4. **Multiple Killings or Attempted Killings.** That the Defendant, BRANDON BERNARD aided and abetted in the killing of Todd A. Bagley and Stacie L. Bagley in one single criminal episode.

C.  **Other, Non-Statutory, Aggravating Factors Identified under 18 U.S.C. § 3593(a)(2).**

1. **Future Dangerousness of BRANDON BERNARD.** That the Defendant, BRANDON BERNARD is likely to commit criminal acts of violence in the future which would be a continuing and serious threat to the lives and safety of others. Simmons v. South

<u>Carolina</u>, 114 S.Ct. 2187, 2193 (1994). In addition to the capital offenses charged in the Indictment and the statutory and non-statutory aggravating factors alleged in this Notice, BRANDON BERNARD has engaged in a continuing pattern of violent conduct, has threatened others with violence, has demonstrated low rehabilitative potential, and/or has demonstrated lack of remorse.

2. **Vileness of the Crime.** BRANDON BERNARD's conduct in committing the offense, apart from the other aggravating factors, was substantially greater in degree than that described in the definition of the crime. <u>Smith</u> v. <u>Commonwealth</u>, 219 Va. 455, 478, 248 S.E.2d 135, 149 (1978), <u>cert. denied</u>, 441 U.S. 967 (1979).

3. **Victim Impact Evidence.** The Defendant, BRANDON BERNARD caused injury, harm, and loss to Todd A. Bagley's family because of his personal characteristics as an individual human being and the impact of the death upon his family. <u>Payne</u> v. <u>Tennessee</u>, 111 S.Ct. 2597, 2608-09 (1991).

4. **Victim was Killed in an Effort to Obstruct Justice.** The Defendant, BRANDON BERNARD committed the offense for the purpose of preventing the victims from providing information and assistance to law enforcement authorities in regard to the investigation or prosecution of the defendants.

## COUNT FOUR

## FIRST DEGREE (PREMEDITATED AND FELONY) MURDER WITHIN SPECIAL MARITIME AND TERRITORIAL JURISDICTION OF THE UNITED STATES

A.  <u>Statutory Proportionality Factors Enumerated under 18 U.S.C. § 3591(a)(2)(A)-(D)</u>.

1. **Intentional Killing.**  That the Defendant, BRANDON BERNARD aided and abetted in the intentional killing and intentionally killed Stacie L. Bagley.  Section 3591(a)(2)(A).

2. **Intentional Infliction of Serious Bodily Injury.**  That the Defendant, BRANDON BERNARD aided and abetted in the intentional infliction of serious bodily injury and intentionally inflicted serious bodily injury that resulted in the death of Stacie L. Bagley.  Section 3591(a)(2)(B).

3. **Intentional Acts to Take Life or Use Lethal Force.**  That the Defendant, BRANDON BERNARD intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Stacie L. Bagley died as a direct result of the act.  Section 3591(a)(2)(C).

4. **Intentional Act That Created a Grave Risk of Death.**  That the Defendant, BRANDON BERNARD intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the

participants in the offense, such that participation in the act constituted a reckless disregard for human life and Stacie L. Bagley died as a result of that act.  Section 3591(a)(2)(D).

   B.   Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(c).

      1.   **Heinous, Cruel, or Depraved Manner of Committing Offense**.  That the Defendant, BRANDON BERNARD committed the offense in an especially heinous, cruel, and depraved manner.  Section 3592(c)(6).

      2.   **Pecuniary Gain**.  That the Defendant, BRANDON BERNARD committed the offense in expectation of the receipt of something of pecuniary value.  Section 3592(c)(8).

      3.   **Substantial Planning and Premeditation**.  That the Defendant, BRANDON BERNARD committed the offense after substantial planning and premeditation.  Section 3592 (c)(9).

      4.   **Multiple Killings or Attempted Killings**.  That the Defendant, BRANDON BERNARD aided and abetted in the killing and killed Todd A. Bagley and Stacie L. Bagley in one single criminal episode.

   C.   Other, Non-Statutory, Aggravating Factors Identified under 18 U.S.C. § 3593(a)(2).

      1.   **Future Dangerousness of BRANDON BERNARD**.  That the Defendant, BRANDON BERNARD is likely to commit criminal acts of violence in the future which would be a continuing and serious threat to the lives and safety of others.  Simmons v. South

Carolina, 114 S.Ct. 2187, 2193 (1994). In addition to the capital offenses charged in the Indictment and the statutory and non-statutory aggravating factors alleged in this Notice, BRANDON BERNARD has engaged in a continuing pattern of violent conduct, has threatened others with violence, has demonstrated low rehabilitative potential, and/or has demonstrated lack of remorse.

  2. **Vileness of the Crime.** BRANDON BERNARD's conduct in committing the offense, apart from the other aggravating factors, was substantially greater in degree than that described in the definition of the crime. Smith v. Commonwealth, 219 Va. 455, 478, 248 S.E.2d 135, 149 (1978), cert. denied, 441 U.S. 967 (1979).

  3. **Victim Impact Evidence.** The Defendant, BRANDON BERNARD caused injury, harm, and loss to Stacie L. Bagley's family because of her personal characteristics as an individual human being and the impact of the death upon her family. Payne v. Tennessee, 111 S.Ct. 2597, 2608-09 (1991).

  4. **Victim was Killed in an Effort to Obstruct Justice.** The Defendant, BRANDON BERNARD committed the offense for the purpose of preventing the victims from providing information and assistance to law enforcement authorities in regard to the investigation or prosecution of the defendants.

Respectfully submitted,

JAMES WILLIAM BLAGG
United States Attorney

By: *[signature]*
MARK L. FRAZIER
Assistant United States Attorney

By: *[signature]*
SCOTT L. FROST
Special Assistant
United States Attorney

Dated: March 30, 2000

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of March, 2000, a true and correct copy of the foregoing notice of intent to seek the death penalty was mailed via first class mail, postage prepaid thereon, to the following attorneys of record:

Russell D. Hunt and Russell Hunt, Jr.
Attorneys at Law
P.O. Box 726
Waco, Texas 76703-0726
Fax: 254-753-8118
Phone: 254-753-3738

*[signature]*
Assistant United States Attorney

11