FILED

JUL 2 8 2003

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
                    DEPUTY CLERK

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### WACO DIVISION

**BRANDON BERNARD,**
*Movant,*

v.

**No. W-99-CR-70 (2)**

**UNITED STATES OF AMERICA,**
*Respondent.*

---

### Application Under 21 U.S.C. § 848(q)(4)(B) for
### Appointment of Counsel for Proceeding Pursuant to 28 U.S.C. § 2255

---

Defendant BRANDON BERNARD respectfully requests that the Court appoint attorneys Robert Gombiner, an attorney employed by the Office of the Federal Public Defender for the Western District of Washington, and Robert C. Owen, an attorney in private practice in Austin, Texas, to represent him in connection with the investigation, preparation, and prosecution of a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. In support of this request, Mr. Bernard would show the Court as follows:

### Mr. Bernard is Entitled to Appointment of Counsel

Under 21 U.S.C. § 848(q)(4)(B), "[i]n any post-conviction proceeding under section ... 2255 of Title 28, seeking to vacate or set aside a death sentence, any defendant who is ... financially unable to obtain adequate representation ... *shall be entitled* to the appointment of one or more attorneys...." (Emphasis added). In <u>McFarland v. Scott</u>, 512 U.S. 849, 857 (1994), the Supreme Court explained that "[t]he language and purposes of Section 848(q)(4)(B) and its related provisions establish that the

Application for
Appointment of Counsel - 1

394

right to appointed counsel includes the right to legal assistance in the preparation of a habeas corpus application." The Court thus construed the language of § 848(q)(4)(B) to permit such appointment prior to the filing of a post-conviction application: "We therefore conclude that a 'post-conviction proceeding' within the meaning of Section 848(q)(4)(B) is commenced by the filing of a death row defendant's motion requesting the appointment of counsel for his federal habeas corpus proceeding." *Id.*

Mr. Bernard intends to file a § 2255 motion. His conviction and death sentence were affirmed by the United States Court of Appeals for the Fifth Circuit, United States v. Bernard, 299 F.3d 467 (5th Cir. 2002), and his petition for writ of *certiorari* seeking review of that judgment in the Supreme Court of the United States was denied on June 16, 2003. Bernard v. United States, ___ U.S.___, 123 S. Ct. 2572 (Mem.) (2003). Thus, Mr. Bernard's conviction and sentence have become final on direct review. Mr. Bernard remains, as he has been throughout these proceedings, financially incapable of paying for an attorney himself. As a result, Mr. Bernard now requires the appointment of counsel to prepare, file, and litigate a motion seeking relief under 28 U.S.C. § 2255.

## Mr. Gombiner and Mr. Owen are Qualified for Appointment

21 U.S.C. § 848(q)(6) sets the qualifications for appointment of counsel in a capital case after judgment; it provides that "at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases." Undersigned counsel Robert C. Owen was admitted to the Fifth Circuit on August 13, 1990. He handled capital habeas corpus appeals in that court from 1990 to 1995, and has done so continuously since October 1998 (including

Application for
Appointment of Counsel - 2

397

serving as co-counsel on the direct appeal of Mr. Bernard's conviction and sentence). He has thirteen years' experience defending clients in death penalty cases, primarily at the appellate and post-conviction stage; he is currently court-appointed counsel in five capital habeas cases.[1] Mr. Owen is thus qualified for appointment under 21 U.S.C. § 848(q)(6).

Mr. Gombiner is not a member of the United States Court of Appeals for the Fifth Circuit but possesses equivalent experience in the Ninth Circuit. He has practiced criminal law for more than twenty years, has been a member of the bar of the Ninth Circuit for more than a decade and has handled felony appeals in that court throughout that time. Moreover, Mr. Gombiner likewise has experience as counsel in capital habeas cases; he is currently counsel in the capital habeas cases of Pizzuto v. Arave, No. 97-99017 (9th Cir.) and Stenson v. Lambert, C-01-252P (W.D. Wash.). Accordingly, Mr. Gombiner is qualified for appointment under 21 U.S.C. § 848(q)(7), which provides that the Court may, for good cause, appoint an attorney "whose background, knowledge, or experience would otherwise enable him [to] properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation."

While Mr. Owen is a member of the bar of this Court, having been admitted to practice on April 22, 1991, Mr. Gombiner is not. However, Local Rule AT1(f) permits the Court to authorize Mr. Gombiner to appear on Mr. Bernard's behalf, for purposes of this proceeding only. Mr. Bernard hereby moves the Court to grant Mr. Gombiner leave to appear *pro hac vice* pursuant to Local Rule

---

[1] Mr. Owen is counsel in Cole v. Cockrell, No. 01-10646 (5th Cir.); Willis v. Johnson, No. P-01-CV-020 (W.D. Tex., Pecos Div.); Mines v. Cockrell, No. 3:00-CV-2044-H (N.D. Tex., Dallas Div.); Sterling v. Cockrell, No. 3:01-CV-2280-D (N.D. Tex., Dallas Div.), and Hall v. United States, No. 4:00-CV-00422-Y (N.D. Tex., Fort Worth Div.).

Application for
Appointment of Counsel - 3

358

AT1(f).

## The Unique Circumstances of this Case Support Appointment of Out-of District and Out-of-Circuit Counsel

Mr. Bernard recognizes that it is unusual to request appointment of counsel who, like the Federal Public Defender for the Western District of Washington, is outside both the district and the circuit in which this Court sits. However, as the Federal Public Defender for this District, Lucien B. Campbell, has advised the Court in his letter of July 7, 2003, his office lacks the special expertise required to undertake representation in a capital habeas case. According to both the deputy chief of the Defender Services Division of the Administrative Office of the U.S. Courts and Chief Judge Carolyn King of the Fifth Circuit, as reflected in Mr. Campbell's July 7 letter, the absence of appropriately qualified counsel in the local Federal Public Defender agency makes it fair and efficient for this Court to look outside the jurisdiction to secure counsel for Mr. Bernard. The Federal Public Defender for the Western District of Washington has extensive experience in handling capital habeas cases; in recent years, attorneys from that office have represented clients in at least five capital habeas matters. Accordingly, appointing that office to represent Mr. Bernard in this action would be fully consistent with the underlying purpose of 21 U.S.C. § 848(q)(4)(B).[2]

---

[2] It appears from Mr. Campbell's July 7 letter that the Court may have expressed a concern that appointing two different Federal Public Defender offices in this case, one as counsel for Mr. Bernard and one as counsel for his co-defendant Christopher Vialva, might be precluded by the possibility of a conflict of interest, on the theory that FPD offices collectively constitute a single unitary "law firm." The fact that different federal public defender organizations have no common controlling authority, however, strongly counsels against this view. Each FPD office is directed by a chief defender appointed by the Court of Appeals of its Circuit; there is no common controlling authority over different FPD offices. In the absence of such a common controlling authority, the FPD offices in question are distinct "law firms" and the involvement of one does not preclude the involvement of

Application for
Appointment of Counsel - 4

399

In addition, significant limitations on the time and financial resources available to local counsel support appointment of the Federal Public Defender for the Western District of Washington to ensure that Mr. Bernard receives the zealous and thorough representation to which he is entitled by due process and 21 U.S.C. § 848. Mr. Owen is employed half-time as an Adjunct Professor at the University of Texas School of Law and his teaching obligations (three days each week in the fall semester, and two days each week in the spring semester), combined with his existing obligations to other clients in capital post-conviction matters, will make it impossible for him to handle post-conviction proceedings in Mr. Bernard's case (which will necessarily include extensive factual investigation as well as legal research and writing) without the involvement of the Federal Public Defender for the Western District of Washington.[3]

### Conclusion and Prayer for Relief

WHEREFORE, Mr. Bernard respectfully requests that the Court appoint Robert Gombiner and Robert C. Owen to represent him in proceedings pursuant to 28 U.S.C. § 2255. A proposed Order accompanies this Motion.

---

another. *See, e.g.*, United States v. Goldberg, 937 F. Supp. 1121, 1136 (M.D. Penn. 1996) (no conflict of interest where representation was provided to clients with adverse interests by federal public defender organizations from Pennsylvania and Florida, respectively).

[3] For this reason, undersigned counsel Robert C. Owen must emphasize that his own motion for appointment is conditional upon the Court's appointing the Federal Public Defender for the Western District of Washington. If this Court declines to appoint that office in this action, Mr. Owen must regretfully advise the Court that he cannot accept appointment as post-conviction counsel for Mr. Bernard at this time (although he will continue, in consultation with Mr. Campbell, to attempt to locate 2255 counsel for Mr. Bernard).

Application for
Appointment of Counsel - 5

400

Respectfully submitted,

ROBERT C. OWEN
Texas Bar No. 15371950

Owen & Rountree, L.L.P.
510 South Congress Avenue, Ste. 308
Austin, Texas 78704
Phone 512.320.0334
Fax 512.320.8027

Attorney for Brandon Bernard
Solely for the Purpose of Seeking Appointment of
Counsel for 2255 Proceedings

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Application has been served on counsel for Respondent by placing same into the United States Mail, first-class postage prepaid, addressed to:

Office of the United States Attorney

800 Franklin, Suite 280

Waco, TX 76701

on this 25th day of July, 2003.

Robert C. Owen

Application for
Appointment of Counsel - 6

401