FILED

AUG 1 5 2003

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

**BRANDON BERNARD,**
 *Movant,*

 v.                                                    **No.** W-99-CR-70 (2)

**UNITED STATES OF AMERICA,**
 *Respondent.*

---

### Motion to Expedite Consideration Of
### Application Under 21 U.S.C. § 848(q)(4)(B) for
### Appointment of Counsel for Proceeding Pursuant to 28 U.S.C. § 2255

---

Defendant BRANDON BERNARD respectfully requests that the Court expedite consideration of his motion for the appointment of attorneys Robert Gombiner and Robert C. Owen to represent him in connection with the investigation, preparation, and prosecution of a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. In support of this request, Mr. Bernard would show the Court as follows:

#### To Be Effective, Appointment of Counsel Must Be Timely

As the Court is aware, Congress has made appointment of counsel *mandatory* when an indigent federal prisoner under a death sentence seeks legal representation for the purpose of seeking post-conviction review under 28 U.S.C. § 2255. *See* 21 U.S.C. § 848(q)(4)(B). We take for granted that the Court intends to protect Mr. Bernard's rights in this regard. To give meaningful effect to the right Congress has established in 21 U.S.C. § 848(q)(4)(B),

Motion to Expedite Consideration
of Application for
Appointment of Counsel - 1

353

402

however, the Court must appoint such qualified counsel as promptly as possible.  As Justice

O'Connor has observed,

> It is almost meaningless to provide a lawyer to pursue claims on federal habeas if the lawyer is not available to help prepare the petition. First, the habeas petition, unlike a complaint, must allege the factual underpinning of the petitioner's claims. *See* Habeas Corpus Rule 2(c) ("The petition ... shall specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified"). Furthermore, district courts are authorized to summarily dismiss petitions which appear on their face to be meritless. *See* Habeas Corpus Rule 4. And our carefully crafted doctrines of waiver and abuse of the writ make it especially important that the first petition adequately set forth all of a state prisoner's colorable grounds for relief. Indeed, Congress expressly recognized "the seriousness of the possible penalty and ... the unique and complex nature of the litigation." 21 U.S.C. § 848(q)(7). Moreover, the statute entitles capital defendants not only to qualified counsel, but also to "investigative, expert or other services ... reasonably necessary for the representation of the defendant." § 848(q)(9). For such services to be meaningful in the habeas context, they also must be available prior to the filing of a first habeas petition.

McFarland v. Scott, 512 U.S. 849, 860 (1994) (O'Connor, J ., concurring in part and

dissenting in part).  The labor-intensive tasks associated with developing the factual basis for

potential claims for relief, needless to say, require substantial amounts of time to complete.

The American Bar Association has aptly described these demands:

> [P]roviding high quality legal representation in collateral review proceedings in capital cases requires enormous amounts of time, energy and knowledge. The field is increasingly complex and ever changing. Collateral counsel has the same obligation as trial and appellate counsel to establish a relationship of trust with the client. But by the time a case reaches this stage, the client will have put his life into the hands of at least one other lawyer and found himself on death row. Counsel should not be surprised if the client initially exhibits some hostility and lack of trust, and must endeavor to overcome these barriers.

Motion to Expedite Consideration
of Application for
Appointment of Counsel - 2

403

> Ultimately, winning collateral relief in capital cases will require changing the picture that has previously been presented. ... As demonstrated by the high percentage of reversals, ... the trial record is unlikely to provide either a complete or accurate picture of the facts and issues in the case. [Thus, post-conviction counsel]cannot rely on the previously compiled record but must conduct a thorough, independent [reinvestigation of the case and the client]. Reinvestigating the case means examining the facts underlying the conviction and sentence, as well as such items as trial counsel's performance, judicial bias or prosecutorial misconduct. Reinvestigating the client means assembling a more-thorough biography of the client than was known at the time of trial, not only to discover mitigation that was not presented previously, but also to identify mental-health claims which potentially reach beyond sentencing issues to fundamental questions of competency and mental-state defenses.

American Bar Association, GUIDELINES FOR THE APPOINTMENT AND PERFORMANCE OF DEFENSE COUNSEL IN DEATH PENALTY CASES (February 2003), Guideline 10.15.1. The American Bar Association's Guidelines for the defense of capital cases have been cited with approval by the Supreme Court, suggesting the Court's agreement with the ABA's detailed description of the professional responsibilities of defense counsel in a capital case. *See* Wiggins v. Smith, ___ U.S.___, 123 S. Ct. 2527, 2530, 2535, 2536 (2003). In addition to the substantial challenges posed by counsel's professional duty to conduct a thoroughgoing reinvestigation of the facts of the case, post-conviction counsel must also ensure that no potential constitutional claim for relief is left unexamined, as the client will likely have no "second chance" if counsel fails to identify or develop a meritorious issue. *See* Mason v. Meyers, 208 F.3d 414, 417 (3d Cir. 2000) (stating that as a result of the strict rules governing successive *habeas corpus* petitions enacted by the AEDPA and codified at 28 U.S.C. § 2244(b), "it is essential that habeas petitioners include in their first petition *all* potential claims for which they might desire to seek review and relief").

Motion to Expedite Consideration
of Application for
Appointment of Counsel - 3

All these time-consuming and difficult tasks – including identifying appropriate experts, re-investigating the facts of the case, investigating the client's life history in complete and minute detail (finding witnesses, interviewing witnesses, locating and obtaining documentary evidence), conducting necessary legal research, and writing the post-conviction pleadings themselves – must be completed within **one year** of the denial of *certiorari* on direct appeal. *See* 28 U.S.C. § 2255 (setting one-year deadline for filing 2255 petition). The Supreme Court denied *certiorari* in Mr. Bernard's case on June 16, 2003. By the end of this week, he will have already lost **two** of the **twelve** months available to counsel for preparation of his 2255 petition. Because of the tremendously long list of tasks facing post-conviction counsel, and the steadily dwindling time for counsel to accomplish them, we respectfully suggest this Court should appoint qualified counsel for Mr. Bernard as soon as possible.

### Conclusion and Prayer for Relief

WHEREFORE, Mr. Bernard respectfully requests that the Court appoint Robert Gombiner and Robert C. Owen to represent him in proceedings pursuant to 28 U.S.C. § 2255.

Respectfully submitted,

ROBERT C. OWEN
Texas Bar No. 15371950

Motion to Expedite Consideration
of Application for
Appointment of Counsel - 4

405

Owen & Rountree, L.L.P.
510 South Congress Avenue, Ste. 308
Austin, Texas 78704
Phone 512.320.0334
Fax 512.320.8027

Attorney for Brandon Bernard
Solely for the Purpose of Seeking
Appointment of Counsel for 2255
Proceedings

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Motion has been served on counsel for Respondent by placing same into the United States Mail, first-class postage prepaid, addressed to:

Office of the United States Attorney
800 Franklin, Suite 280
Waco, TX 76701

on this 15$^{h}$ day of August, 2003.

Robert C. Owen

Motion to Expedite Consideration
of Application for
Appointment of Counsel - 5