IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BRANDON BERNARD § | |
|     Defendant-Movant § | Civil No. W-04-CV-164 |
| § | |
| v. § | Crim No. W-99-CR-070(2) |
| § | |
| UNITED STATES OF AMERICA § | |
|     Plaintiff-Respondent § | |

## RESPONSE TO RULE 59 MOTION TO ALTER OR AMEND JUDGMENT

Plaintiff-Respondent, the United States of America, opposes inmate Brandon Bernard's ("Bernard") motion for the following reasons.

### Bernard's Motion Under Rule 59(e) Is Not An Appropriate Vehicle For The Grounds He Is Asserting

<u>Bernard's Motion</u>

Bernard's asserts in his "Motion To Alter Or Amend Judgment" that "The Court Erroneously Denied Mr. Bernard's § 2255 Motion" because: (A) his prior § 2255 motion had established a "strong case" of ineffective assistance of counsel at both the guilt\innocence phase and the punishment phase (memorandum at 2-9); (B) this Court erred in determining that his *Brady* claims were procedurally defaulted (*id*. at 10); and (C) this "Court erred in denying an evidentiary hearing to determine whether the presiding juror was biased against Mr. Bernard" (*id*. at 11).

Rule 59(e) Motions

As the Fifth Circuit has explained in *Templet v. Hydrochem, Inc.*, 367 F.3d 473 (5th Cir. 2004), "[a] Rule 59(e) motion calls into question the correctness of a judgment." *Id.* at 478 (citation omitted). The Fifth Circuit "has held that such a motion is **not the proper vehicle for rehashing evidence**, **legal theories**, **or arguments** that could have been offered or raised before the entry of judgment." *Id.* at 478-79 (emphasis added) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "Rule 59(e) serves the **narrow purpose** of allowing a party to correct **manifest errors of law or fact** or to present newly discovered evidence." *Id.* at 479 (emphasis added) (citation, internal quotation marks and brackets omitted).[1] Further, "[r]econsideration of a judgment after its entry is an **extraordinary remedy** that should be used sparingly." *Id.* (emphasis added) (citing, *inter alia*, 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2810.1, at 124 (2d ed.1995)).

Other courts have "held that the scope of a motion for reconsideration is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest

---

1. Similarly, the Court in *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003), stated: "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id.* at 576 (citations and internal quotations omitted). Additionally, relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law. *Id.* (citation omitted). Decisions of courts made before the district court's decision "cannot constitute an intervening change in the law." *Id.* at 568 n.3.

**Response in Opposition to Rule 59(e) Motion - Page 2**

errors of law or fact or to present newly discovered evidence." *Id.* (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)). A motion for reconsideration "must be based 'upon manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court.' " *Prati v. United States*, 82 Fed.Cl. 373, 376 (2008) (citation and internal quotation omitted).[2]

A "manifest error is an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Matosky v. Manning*, 428 Fed.Appx. 293 (5th Cir. 2011) (unpublished) (brackets and internal quotation marks omitted) (citing *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir.2004); Black's Law Dictionary 563 (7th Cir. ed. 1999)).[3]

---

2. Bernard cites to *Browder v. Director, Dept. Of Corrections of Ill.*, 434 U.S. 257, 266 (1978) for the proposition that denial of a hearing is a proper basis for reconsideration (Motion at 1-2). In *Browder*, the Supreme Court noted that "Respondent's failure to assert the need for an evidentiary hearing in his motion to dismiss did not necessarily deprive him of the right to assert the absence of a hearing as a reason for reconsideration or as error on appeal." *Id.* (footnotes omitted). This case does not contradict the cases which require manifest injustice to support a Rule 59(e) motion. Nor does *Browder* have direct application in the instant case as both Bernard and Vialva asserted their desire for evidentiary hearings in their initial section 2255 pleadings.

3. Other courts have defined "manifest error" as: "a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Hickory Farms, Inc. v. Snackmaster, Inc.*, 509 F.Supp.2d 716, 719 (N.D. Ill. 2007) (citing *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). "manifest" has been defined as "clearly apparent or obvious." *Ammex, Inc. v. United States*, 52 Fed.Cl. 555, 557 (2002).

**Response in Opposition to Rule 59(e) Motion - Page 3**

<u>Rule 59(e) Is Not An Appropriate Vehicle
For Bernard's Assertions Which Rehash
His Prior Section 2255 Arguments</u>

As noted above, Bernard's Rule 59(e) motion: reasserts grounds of ineffective assistance of counsel at both the guilt\innocence phase and the punishment phase that were raised in his section 2255 motion and rejected by this Court; *Brady* claims that also were raised in his section 2255 motion and rejected by this Court; and the claim that this "Court erred in denying an evidentiary hearing to determine whether the presiding juror was biased against Mr. Bernard," another claim that was previously asserted and rejected by this Court. Bernard's Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Nor does Bernard raise newly discovered evidence or an intervening change in controlling authority. His motion is not the proper vehicle to merely relitigate the case. Bernard has not raised a manifest error or extraordinary circumstances which justify relief. Considering all of his grounds individually and collectively, they are without merit.

## Bernard Has Shown No Manifest Error
## In His Previously Asserted Ineffective Assistance Grounds

<u>Bernard's First Complaints</u>

The first and largest category of Bernard's Rule59(e) complaints are that this Court erroneously denied Bernard's § 2255 Motion because, he believes, his prior § 2255 motion had established a "strong case" of ineffective assistance of counsel at both the guilt\innocence phase and the punishment phase (memorandum at 2-9).

**Response in Opposition to Rule 59(e) Motion - Page 4**

### *Strickland* Standards

To meet the *Strickland* standard Bernard was required to show that, in the light of all the circumstances as they appeared at the time of the conduct, counsel's performance fell below an objective level of reasonableness. *Strickland*, 466 U.S. at 687-88. "Judicial scrutiny of counsel's performance must be highly deferential" with every effort made to avoid "the distorting effects of hindsight." *Id.* at 689-90. Further, reviewing courts are to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Indeed, "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Crane v. Johnson*, 178 F.3d 309, 314 (5th Cir.1999) (citation and internal quotation marks omitted).

If the first prong is demonstrated, Bernard must demonstrate that counsel's performance was prejudicial to the defense. *Strickland*, 466 U.S. at 692. Bernard was required to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.* at 694; *see also*, *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004) (an error affects substantial rights if "the probability of a different result is sufficient to undermine confidence in the outcome).

Future Dangerousness

Although in his Rule 59(e) motion Bernard globally refers to all of his ineffective assistance claims contained within 114 pages of his section 2255 motion (at "18-132") (Motion at 2),[4] the first specific ground he raises is that this Court erred in failing to find merit in his claim that his trial attorneys were constitutionally ineffective in the penalty phase by failing to adequately challenge the government's case for future dangerousness (Motion at 3). Again, this motion is not the proper vehicle for rehashing or relitigating the case. Nevertheless, he has shown no manifest error, and his claim is without merit.

As this Court determined, Vialva's lawyers chose to portray Vialva as a "broken vessel"; the product of an abusive home, and having Attention Deficit Disorder. Thus, there was a battle of experts as to Vialva's future dangerousness (September 28, 2012, Order at 50). Bernard's counsel instead portrayed Bernard as basically a good person, a follower who went astray, but who retained some decency and who could be rehabilitated (*id*.). As this Court determined, a *Stickland* claim could not be justified as to this matter of trial strategy (*id*.).

This Court was correct as to this analysis. During the penalty phase, Bernard's counsel first presented the testimony of Bernard's next-door neighbor who testified that Bernard had "been a very respectful person to me and my family, as well as in the neighborhood"; Bernard was "a good church-going person"; he was a "hard worker," and he

---

4. The government's response to these claims was in pages 35 to 162 of Document 418.

**Response in Opposition to Rule 59(e) Motion - Page 6**

would go to this neighbor for help with his homework "to make sure he kept up his grades in order to play basketball" (Tr. 3116-18).

Isolde Cody, Billy Rorie's mother, testified that she had known Bernard for three years and that Bernard was: "very respectful"; "very kind"; nice to her younger children; "a very good person"; and not a leader (Tr. 3125-26).

Jimmy Olarte, a member of the military, and one of Bernard's Bible teachers, testified that his impressions of Bernard were that he was "just a normal kid, pretty much, with a smiling face in church." Olarte spoke to the jury saying that nothing could bring back the lives of the couple, but that they should give Bernard "a chance" (Tr. 3130-31).

Oliver Cole, a UPS truck driver, testified that he had known Bernard since Bernard was three or four years old, and he thought Bernard was "a very good young man" (Tr. 3135-36).

Sherise Scott, who worked in a nursing home, and was Bernard's girlfriend, characterized Bernard as "always helpful and respectful," and "fun." In her opinion: "I think he just made a wrong mistake and was scared. . ." (Tr. 3131-42).

Milton Rios, who worked for the Killeen School District, testified that he knew Bernard through the church Pathfinder Club (Tr. 3144-45). Rios thought Bernard "was a good kid, and given the opportunity, he can maybe be a good kid again, or a good man by that time" (Tr. 3145-56).

**Response in Opposition to Rule 59(e) Motion - Page 7**

Bernard's mother, Thelma Louise Bernard, a registered nurse, and a Lieutenant Colonel in the Army Reserves, made an emotional appeal to the jury, first trying to put herself in the position of the victims (Tr. 3148). Portions of Bernard's mother's appeal to the jury were that:

> God blessed me with three beautiful children . . . . If I failed to instill those Christian principles in my son, Brandon, then, yes, he must pay for his crime. The penalty must not be death. The greatest sentence that can come out of here is compassionate, and I thought and I said "Jesus wouldn't do lethal injection.". .. Brandon has been tried and found guilty, but the punishment needs to fit the crime. My son was involved with this – with this young man, Vialva, in a horrible crime. . . . However, God is not vindictive. . . .

(Tr. 3146-49).

Bernard's mother explained in background that Bernard was born in San Antonio, then they moved to Alaska, where she and her husband were on active duty. Then they moved to Fort Sam Houston. Bernard went to church school from first through eighth grade, and then he went to Rancier Middle School, where he played basketball and football. Brandon's mother characterized him as "a follower" (Tr. 3152). Her final plea to the jury was: "let's not perpetuate the same madness" by imposing the death penalty (Tr. 3150-53).

Bernard's counsel made the following arguments to the jury:

> . . . under the law and under the Charge, Brandon Bernard's case does not fit into a case that ought to get the death penalty, and Brandon Bernard does not exhibit the signs and symptoms of someone who needs to be given the death penalty. . . .

(Tr. at 3227).

**Response in Opposition to Rule 59(e) Motion - Page 8**

> . . . Any evidence that the defendant is likely to commit criminal acts of violence? Now, once again, you don't even get here if you haven't passed the other two hurdles. There's no evidence that Brandon Bernard is going to commit violence in the future, because there's no evidence other than the instant case that Brandon Bernard was [sic] involved in violent acts in the future.

(Tr. at 3237).

> . . . Think about the past criminal history of both Mr. Vialva and also Brandon Bernard. Brandon Bernard's past criminal history is not physically abusive, [or doing] mean, ugly things to people [although he committed property crimes] . . .

(Tr. at 3242).

> Think about what Ms. Vialva, Christopher Vialva's mom, said. She gave you a lot of reasons why Christopher Vialva is the way Christopher Vilava is. Think about what Dr. Cunningham said. Dr. Cunningham gave you reasons why all of those factors would result in Christopher Vialva being the way he is, and he talked about a number of risk factors. Please consider those risk factors as they relate to Brandon Bernard, and I think you'll see maybe one and maybe two of them apply to Brandon Bernard, and that's all, especially the age factor.

(*Id.*).

> Think about what the Government put on when they talked to Dr. Coons. Dr. Coons is the psychiatrist from Austin [who] testified about Mr. Vialva. Do you remember what Dr. Coons said about Brandon Bernard? You're going to have to think about that one, because he didn't say one word about Brandon Bernard. He didn't say anything about Brandon Bernard that makes Brandon Bernard a future threat. And I would suggest to you that means he did that, because there's a reason. There is a reason for that.

(*Id.*).

**Response in Opposition to Rule 59(e) Motion - Page 9**

> And I want you to think back to the witnesses that Brandon Bernard brought to you, generally, friends, neighbors. Think about what "Matt" Mitchell said. Matthew Mitchell was the very articulate young black man that came in. He said that Brandon had talked to him since then, and Brandon is remorseful and that he's had a conversion experience. He said he's not a leader, he's a follower. Think about what the other people that testified said. He's a follower. He's respectful. He's gentle. He's caring. He's compassionate. . . .

This Court was correct that ineffective assistance of counsel cannot be shown based on Bernard's counsel's strategic choice of punishment-phase argument.

Bernard refers to opinions filed subsequent to the filing of his section 2255 motion. These cases, however, do not constitute an intervening change in the controlling law, as contemplated by Rule 59(e), as they were handed down before this Court's September 28, 2012 Order. Nevertheless, they do not directly support his position.

Bernard argues that the inadequate mitigation investigation driven wholly by the defendant's mother in *Sears v. Upton*, ___ U.S. ___, 130 S.Ct. 3259 (2010), is similar to Bernard's case. However, Sears's counsel failed to discover and present to the jury that Sears had "significant frontal lobe brain damage." Bernard has not shown that he suffered from any comparable impairment that went undiscovered or was ignored by his counsel.

Similarly, in *Porter v. McCollum*, 558 U.S. 30, 130 S.Ct. 447 (2009), defense counsel failed to uncover and present any mitigating evidence during the penalty phase regarding defendant's mental health, family background, or military service. *Id*. at 453. Thus, "[t]he judge and jury at Porter's original sentencing heard almost nothing that would humanize

**Response in Opposition to Rule 59(e) Motion - Page 10**

Porter or allow them to accurately gauge his moral culpability." *Id.* at 454.  In the instant case, on the other hand, as reflected in the excerpts noted above, Bernard's counsel presented a full picture attempting to humanize Bernard and argue that the offense of conviction, in which he was portrayed as a follower, would not be repeated.[5]

Summary

In summary, the specific ground raised in Bernard's 59(e) motion, that he received constitutionally ineffective assistance of counsel in the punishment phase based on the issue of future dangerousness was previously raised in his section 2255 motion.  Bernard's request for a hearing also was raised in his initial section 2255 pleadings.  This Court determined that all of Bernard's grounds of ineffective assistance of counsel were without merit and that a hearing was unnecessary.  A Rule 59(e) motion is not the proper vehicle to rehash issues or to relitigate the case; rather, such a motion may be used only to correct manifest errors of law or fact or to present newly discovered evidence.  Here, Bernard has not shown any such manifest error. Counsel's strategy of Bernard's counsel presented a full picture in an attempt to humanize Bernard and argue that the offense of conviction, in which he was portrayed as

---

5. Bernard's motion also cites to *Skipper v. South Carolina*, 476 U.S. 1 (1986), where the Supreme Court held that it was improper to exclude from the sentencing hearing the petitioner's good behavior during the seven months he spent in jail awaiting trial.  Here, of course there was no such exclusion of mitigation evidence as to Bernard.  As discussed above Bernard's counsel presented plenty of mitigating evidence as to Bernard's past conduct reflecting his good nature as probative of his future behavior.  As shown above, evidence was presented that while in custody he had been remorseful, and, as the Fifth Circuit noted, Bernard's counsel presented evidence that he had "'found the lord' while in jail for these crimes." *United States v. Bernard*, 299 F.3d 467, 476 (5th Cir. 2002).  Bernard has not demonstrated that counsel's overall strategy was deficient or any probability of a different outcome at the penalty phase.

**Response in Opposition to Rule 59(e) Motion - Page 11**

a follower, would not be repeated.

### There Was No Manifest Error As To The Denial Of Bernard's Previously Raised Ground Of A *Brady* Violation

In his Rule 59(e) motion, at page 10, Bernard next contends that this Court erred in determining that his *Brady* claims had been procedurally defaulted because, he asserts, his appellate attorneys did not discover nor could they discover the "violations" until after the appeal was concluded on July 19, 2002. Again, this motion is not the proper vehicle for rehashing or relitigating the case. Nevertheless, there was no manifest error and his claim is without merit.

As to his cause and prejudice claim, Bernard does not make any statement here as to when "violations" were discovered. Bernard has not here asserted that a specific document was not part of the government's open file discovery. He has not shown the "cause" element. More importantly, Bernard has not shown either *Brady* material prejudice or *Strickland* prejudice.

In Bernard's 2004 section 2255 motion he claimed that defense counsel were not provided with all of the recorded statements and interviews with Brown and Lewis. As this Court explained in its Order, the interviews in question were "merely cumulative" of the information that was included in their written statements" (Order at 23). This Court reviewed the record and found that although both of these witnesses originally denied any involvement in the murders, "[w]hen confronted with contradictory information provided by other witnesses, they eventually admitted more and more details of the events leading up to the

**Response in Opposition to Rule 59(e) Motion - Page 12**

murders" (*id*.). "These contradictory statements were fully explored through cross-examination at the time of the trial" (*id*.). Thus, any possible impeachment value was cumulative to the other statements of Brown and Lewis.[6]

Nevertheless, there could have been no prejudice on the basis of the overwhelming evidence against Bernard. The evidence against Bernard was absolutely overwhelming. As noted by this Court, the guilt of the Defendants was "obvious" based on the facts of these "heinous" crimes (Order at 17-18).

### There Was No Manifest Error As To The Denial Of Bernard's Previously Raised Ground Of A Biased Juror

In his last Rule 59(e) issue, Bernard claims that this Court erred in denying an evidentiary hearing to determine whether the presiding juror was biased against Mr. Bernard, as evidenced by false statements in his juror questionnaire that improved his chances of getting on the jury (Motion at 11). Again, this motion is not the proper vehicle for rehashing or relitigating the decision of the merits or the decision not to hold a hearing. Nevertheless, there was no manifest error and his claim is without merit.

First, Bernard has not shown that this issue could not have been raised on direct appeal with reasonable diligence, and this Court was correct as to procedural default (Order at 15).

---

6. *See also*, *United States v. Edwards*, 442 F.3d 258, 267-68 (5th Cir. 2006) (denying speculative *Brady* claim); *Hughes v. Johnson*, 191 F.3d 607, 629 (5th Cir. 1999) (denying an evidentiary hearing to investigate a "purely speculative" *Brady* claim);

**Response in Opposition to Rule 59(e) Motion - Page 13**

Next, Bernard has offered no rational linkage between the one purportedly erroneous answer on the juror questionnaire, as to prior DWI convictions, and the juror's possible bias against Bernard. Actually, it would seem more likely that a juror previously prosecuted would be more sympathetic to a defendant being prosecuted. As this Court found, there is only speculation that the juror was biased (Order at 26). This Court properly denied Bernard's assertion of bias as purely speculative and conclusory. *See Edwards*, 442 F.3d 268 n.10.

## CONCLUSION

The government respectfully asks the Court deny Bernard's motion for Rule 59(e) relief.

Respectfully submitted,

ROBERT PITMAN
UNITED STATES ATTORNEY

*/s/ Mark L. Frazier*

MARK L. FRAZIER
Assistant United States Attorney
800 Franklin, Suite 280
Waco, TX 76701
Texas State Bar No. 07395100

*/s/ Mark R. Stelmach*

MARK R. STELMACH
Assistant United States Attorney
816 Congress Avenue, Suite 1000
Austin, Texas 78701
(512) 916-5858
Pennsylvania State Bar No. 28964

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of December, 2012, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System, which will transmit notification of such filing to the following CM/ECF participant:

Robert C. Owen
Attorney at Law
Austin, Texas

/s/ *Mark L. Frazier*
MARK L. FRAZIER
Assistant United States Attorney

**Response in Opposition to Rule 59(e) Motion - Page 15**

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | |
|---|---|
| BRANDON BERNARD § | |
|     Defendant-Movant § | Civil No. W-04-CV-164 |
| § | |
| v. § | Crim No. W-99-CR-070(2) |
| § | |
| UNITED STATES OF AMERICA § | |
|     Plaintiff-Respondent § | |

## ORDER

This matter having come before the Court on the Movant's Motion, and the Court being otherwise fully advised,

IT IS ORDERED that, because the Movant has shown no manifest error of law or fact, the Movant's Motion is DENIED.

SIGNED this the ____ day of December, 2012.

_____

WALTER S. SMITH, JR.

UNITED STATES DISTRICT JUDGE

**Response in Opposition to Rule 59(e) Motion - Page 16**