THE JUDICIAL COUNCIL
OF THE FIFTH CIRCUIT
FILED

DEC 04 2015

THE JUDICIAL COUNCIL OF THE FIFTH CIRCUIT

Paul Benjamin Anderson, Jr.
Secretary to the Council

Before: STEWART, Chief Judge, OWEN, JOLLY, JONES, SMITH, PRADO, ELROD, SOUTHWICK, HAYNES, COSTA, LEMELLE, DICK, HICKS, AYCOCK, JORDAN, LYNN, HINOJOSA, CLARK, AND MARTINEZ

DOCKET NO. 05-14-90120

IN RE:  Complaint of Judicial Misconduct Against United States District Judge Walter S. Smith, Jr., Under the Judicial Improvements Act of 2002

ORDER OF REPRIMAND AND MEMORANDUM OF REASONS

A complaint of judicial misconduct was lodged in September 2014 against the Honorable Walter S. Smith, Jr. of the Western District of Texas, in effect alleging that in 1998 Judge Smith committed misconduct when he made inappropriate, unwanted physical and non-physical sexual advances to an employee of the federal judicial system. A Special Committee was appointed pursuant to 28 U.S.C. § 353 to conduct an investigation of the complaint. The Special Committee retained counsel to conduct interviews with and take statements from witnesses, and otherwise to carry out the investigation under its direction. The Special Committee also met with Judge Smith who was represented by counsel and who testified under oath.

The Special Committee has concluded its investigation, and submitted its Report to the Judicial Council. In the Report, the Special Committee recommended that Judge Smith receive a public reprimand from the Judicial Council, and that certain other remedial measures be taken.

Based on the Special Committee's Report, the findings and conclusions therein, and the admissions made by Judge Smith to the Special Committee and in his response to the Report, the Judicial Council finds that in 1998 Judge Smith made

1

**Exhibit A**

inappropriate and unwanted physical and non-physical sexual advances toward a court employee, and that such behavior was in contravention of existing standards of behavior for federal judges. The Judicial Council further finds that Judge Smith does not understand the gravity of such inappropriate behavior and the serious effect that it has on the operations of the courts. The Judicial Council also finds that Judge Smith allowed false factual assertions to be made in response to the complaint, which, together with the lateness of his admissions, contributed greatly to the duration and cost of the investigation.

Pursuant to 28 U.S.C. § 354(a)(2)(A)(iii), the Judicial Council reprimands Judge Smith for this conduct. The Judicial Council further admonishes Judge Smith that his actions are inconsistent with Canons 1 and 2 of the Code of Conduct for United States Judges and are prejudicial to the effective and expeditious administration of the business of the courts. It is imperative that Judge Smith not allow such events to recur and he is so directed.

Pursuant to 28 U.S.C. § 354(a)(2)(A)(i), the Judicial Council instructs the Clerk of Court for the Western District of Texas to suspend the assignment of new cases to Judge Smith for one year after the date of this order.

Further, in the exercise of its power under 28 U.S.C. § 354(a)(1)(C) to take such action as is appropriate to assure the effective and expeditious administration of the business of the courts within the circuit, the Judicial Council directs Judge Smith to complete at his expense a course of sensitivity training about appropriate professional interaction that is satisfactory to the Judicial Council. In this connection, Judge Ed Kinkeade of the Northern District of Texas is appointed to act as liaison between Judge Smith and the Judicial Council, and to make such recommendations as Judge Kinkeade deems appropriate.

The Judicial Council has concluded that the actions of Judge Smith in 1998 and in connection with the investigation of this complaint do not warrant a recommendation for impeachment. However, it has imposed severe sanctions otherwise available to it under 28 U.S.C. § 354 and Rule 20(b) of the Rules for Judicial-Conduct and Judicial-Disability Proceedings.

**Exhibit A**

The Special Committee having learned in the course of its investigation that Judge Smith did not follow appropriate procedures regarding recusal from cases in which his counsel in this matter was representing parties in his court, the Judicial Council further directs Judge Smith: (1) to recuse *sua sponte* (subject to remittal) in any future cases involving an attorney who is representing him at the time; (2) to recuse *sua sponte* in any cases in which his counsel in this matter has entered an appearance, filed during a three-year period following the conclusion of the representation; and (3) to follow the formal procedures mandated by 28 U.S.C. § 455(e) rather than attempting by informal means to obtain waivers of other potential conflicts of interest.[1]

This Order will be available in the public record on request, consistent with the requirements of 28 U.S.C. § 360(b), and will be placed on the website of the Fifth Circuit Court of Appeals, together with an appropriately redacted version of the complaint.

For the Council:

Date: December 3, 2015

*Carl E. Stewart*
Chief Judge

---

[1] Recusal is not ordinarily required after the representation of a judge by an attorney has been terminated. However, it appears that the informal procedure used by Judge Smith resulted in at least one party in a case before him not being informed that opposing counsel was also representing Judge Smith. Accordingly, the Judicial Council imposes this further restriction in order to preserve public confidence in the judiciary.

3

**Exhibit A**