UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BRANDON BERNARD,<br><br>     *Defendant-Movant*,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>     *Plaintiff-Respondent*. | **CAPITAL CASE**<br><br>Crim. No. 6:99-CR-00070-LY-2<br><br>(Civil No.  W-04-CV-164) |

## MOTION TO EXCEED PAGE LIMIT

Brandon Bernard, an indigent prisoner under sentence of death, moves the Court, pursuant to Local Court Rule CV-7(d)(3), to authorize him to file his *Motion for Relief from Judgment*, which exceeds the 20-page limit imposed by that rule.

Whether there is a need to make this motion is debatable: Bernard files it out of an abundance of caution.  If the Court deems Bernard's primary filing a motion under 28 U.S.C. § 2255, there appears to be no applicable page limit.  But if the Court deems that pleading instead a motion under FRCP 60(b), and if a motion under FRCP 60(b) is characterized as "dispositive," then a limit of 20 pages would appear to apply, pursuant to Local Court Rule CV-7(d)(3).  Bernard's position, explained at length in his primary filing, is that his motion qualifies as a second-in-time but non-successive § 2255 motion.  Hence, he believes that this motion for additional pages is unnecessary.  If the Court construes Bernard's primary motion as one brought under FRCP 60(b), however, then a

MOTION TO EXCEED PAGE LIMIT - 1
(*Brandon Bernard v. United States,*
Crim. No. 99-CR-00070-LY-2 )

page limit of either ten or twenty pages would apply, depending on whether the motion is categorized as dispositive.

This motion necessarily exceeds 20 pages, and cannot reasonably be reduced below its present length of approximately 60 pages.  That is because the pleading must (a) set forth the complicated facts establishing the Government's violations of *Brady v. Maryland,* 373 U.S. 83 (1963), and *Napue v. Illinois*, 360 U.S. 264, 269 (1959), which includes setting forth the positions the Government took during Bernard's death penalty trial in 2000 and the contrary facts that it revealed during a sentencing hearing before this Court last year in *United States v. Sparks*, W-99-CR-070-3, 2018 WL 1415775 (W.D. Tex, March 19, 2018); (b) establish why it is not a second or successive motion under § 2255, which requires a detailed analysis of *Panetti v. Quarterman*, 551 U.S. 930 (2007), *Scott v. United States*, 890 F.3d 1239 (11th Cir. 2018), and *Blackman v. Davis*, 909 F.3d 772 (5th Cir. 2018), *as revised* (Dec. 26, 2018); (c) discuss the alternative remedy of treating this as a motion under FRCP 60(b); and (d) finally discuss the conclusion that, if the other two remedies are unavailable, then there has been an unconstitutional suspension of the writ of habeas corpus.

///

///

///

///

///

///

///

///

///

///

MOTION TO EXCEED PAGE LIMIT - 2
(*Brandon Bernard v. United States,*
Crim. No. 99-CR-00070-LY-2 )

**FEDERAL PUBLIC DEFENDER**
**1331 BROADWAY, SUITE 400**
**TACOMA, WA  98402**
**253-593-6710**

## CERTIFICATE OF CONFERENCE

As noted, undersigned counsel believe that it is unnecessary to obtain the Court's permission to file an over-length motion, given the current procedural posture of the case, and are filing this request out of an abundance of caution. Up until the point of this filing, counsel did not anticipate a need to file this motion. When they decided it was prudent to do so, they reached out to the Government via email to inquire as to its positon. Given the lateness of the hour, Mr. Bernard has not yet been informed of the Government's position. When Mr. Bernard learns of the Government's position, it will update the Court.

DATED this 4th day of February, 2019.

Respectfully submitted,

Robert C. Owen
Bluhm Legal Clinic
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, Illinois 60611-3069
312.503.0135 voice
312.503.8977 fax
robert.owen@law.northwestern.edu

John R. Carpenter
Asst. Federal Public Defender
1331 Broadway, Suite 400
Tacoma, Washington  98402
253.593.6710 voice
253.593.6714 fax
John_Carpenter@fd.org

MOTION TO EXCEED PAGE LIMIT - 3
(*Brandon Bernard v. United States,*
Crim. No. 99-CR-00070-LY-2 )

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of filing to all registered parties.

*s/ Amy Strickling*
Paralegal, Federal Public Defender Office

MOTION TO EXCEED PAGE LIMIT - 4
(*Brandon Bernard v. United States,*
Crim. No. 99-CR-00070-LY-2 )

**FEDERAL PUBLIC DEFENDER**
**1331 BROADWAY, SUITE 400**
**TACOMA, WA  98402**
**253-593-6710**