**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | **CIVIL NO. W-04-CV-164** |
| **V.** | § | **CRIMINAL NO. W-99-CR-070 (2)-ADA** |
| | § | |
| **BRANDON BERNARD** | § | * **CAPITAL CASE** * |

## ORDER ON MOTION FOR RELIEF FROM JUDGMENT

Movant Brandon Bernard was convicted under federal law of capital murder and sentenced to death. His conviction and sentence were affirmed on direct appeal and he unsuccessfully challenged his conviction and sentence pursuant to 28 U.S.C. § 2255. Bernard has now filed a Motion for Relief From Judgment (ECF No. 661) in this Court which he contends is either a non-successive, "second-in-time" motion under § 2255 or, in the alternative, a motion filed pursuant to Federal Rule of Civil Procedure 60(b). In either scenario, Bernard seeks to set aside his death sentence based on the allegation that his sentence was secured, in part, by the Government's failure to disclose favorable evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The Government has not responded to Bernard's motion. Nevertheless, after carefully considering the motion and the governing legal authorities, the Court concludes Bernard's motion should be construed as a successive § 2255 motion which this Court is prohibited from considering. The motion is therefore dismissed for lack of jurisdiction.

### Background

In June 2000, Bernard and his co-defendant Christopher Vialva were jointly tried and convicted in the Western District of Texas for their part in the carjacking and murder of Todd and Stacie Bagley while on federal government property. Both were sentenced to death. As

stated previously, their convictions were affirmed on direct appeal and certiorari was denied by the United States Supreme Court. *United States v. Bernard*, 299 F.3d 467 (5th Cir. 2002), *cert. denied*, 539 U.S. 928 (2003). Bernard and Vialva then challenged their convictions and sentences by filing motions to vacate, set aside, or correct under 28 U.S.C. § 2255 alleging a myriad of constitutional violations. After careful consideration, the district court—the Honorable Judge Walter S. Smith, Jr. presiding[1]—denied an evidentiary hearing, denied the § 2255 motions and the claims raised therein, and denied a certificate of appealability (COA). (ECF No. 449). On appeal, the Fifth Circuit also denied Bernard and Vialva a COA and their petitions for certiorari review were again denied by the Supreme Court in early 2016. *United States v. Bernard*, 762 F.3d 467 (5th Cir. 2014), *cert. denied*, 136 S. Ct. 892 (2016).

In January 2017, Tony Sparks—one of Bernard and Vialva's juvenile co-conspirators who was sentenced to life imprisonment after pleading guilty to carjacking—was granted a new sentencing hearing on the basis of the Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012). *See Sparks v. United States*, 2019 WL 1415775 at *1 (W.D. Tex. 2017). This resentencing hearing was held in February 2018, during which the Government called former Killeen Police Department (KPD) Sergeant Sandra Hunt as an expert witness. Sergeant Hunt, who previously headed the KPD's gang unit, testified about her investigation into the organizational hierarchy of the 212 PIRU Bloods, a Killeen gang to which Bernard, Vialva, Sparks, and the other co-conspirators belonged. According to Sergeant Hunt, both Vialva and Sparks occupied a relatively high position in the gang's hierarchy while Bernard "was at the very bottom of the chart." (ECF No. 661, Exhibit 1 at 9). Although she had conveyed this information to federal prosecutors during their investigation of the Bagley murders, the

---

[1]    Judge Smith also presided over Bernard and Vialva's original trial.

Government did not present Sergeant Hunt's opinions concerning the gang's hierarchy during Bernard and Vialva's trial.

Bernard filed the instant motion nearly one year after Sergeant Hunt testified at the Sparks resentencing hearing. In the motion, Bernard contends that not only did the Government fail to present Sergeant's Hunt's conclusions at his trial, it failed to disclose this information to Bernard's trial counsel while actively misleading the jury into believing the 212 PIRU Bloods lacked any organizational structure. As a result, Bernard argues, the Government violated his constitutional rights under *Brady* by withholding favorable evidence and intentionally misleading the jury in violation of *Napue v. Illinois*, 360 U.S. 264, 269 (1959). Bernard asks this Court to vacate his sentence of death pursuant to § 2255 and order a new sentencing hearing. In the alternative, should the Court find that the § 2255 motion is successive, Bernard seeks to reopen his original § 2255 proceedings under Rule 60(b) so the Court can address the new allegations on the merits.

## Analysis

### A.    Bernard's § 2255 Motion is Successive.

Under 28 U.S.C. § 2244(b)(3), an applicant must first move in the appropriate court of appeals for an order authorizing the district court to consider a "second or successive" application for writ of habeas corpus before the application is filed in the district court. Because the statute does not define what constitutes a "second or successive" motion, however, the phrase takes meaning from case law, some of which predates the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007); *Slack v. McDaniel*, 529 U.S. 473, 486 (2000) (suggesting that the definition of "second or successive" would be the same under AEDPA as under pre-AEDPA law). Under this case

law, a motion that is literally second or successive in time is not necessarily "second or successive" for purposes of AEDPA. See *Panetti*, 551 U.S. at 943-44 (declining "to interpret 'second or successive' as referring to all § 2254 applications filed second or successively in time, even when the later filings address a state-court judgment already challenged in a prior § 2254 application."); *Stewart v. Martinez–Villareal*, 523 U.S. 637, 643-46 (1998). Rather, a numerically second petition or motion is "second or successive" only if it (1) raises a claim challenging the conviction or sentence "that was or could have been raised" in a prior action or (2) otherwise constitutes an abuse of the collateral challenge. *United States v. Orozco–Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) (per curiam)).

Bernard argues the instant § 2255 motion should not be considered "second or successive," and he should not be required to seek preauthorization, because his motion is based on material evidence that was concealed by the Government until the Sparks resentencing hearing in February 2018. Citing *Panetti*, Bernard contends AEDPA's gatekeeping provisions do not apply to second-in-time *Brady* claims where the Government prevented the claim from being raised in the original § 2255 motion because such a requirement would have a "far reaching and seemingly perverse" implication for habeas practice and is contrary to AEDPA's stated principles of comity, finality, and federalism. Bernard's argument, while compelling, is ultimately unpersuasive because it is not supported by a single relevant authority.

Indeed, Bernard's assertion that his *Brady/Napue* claims are not "second or successive" or that the claims are in tension with AEDPA's requirements for successive petitions has been rejected conclusively by the Fifth Circuit. *See Blackman v. Davis*, 909 F.3d 772, 778-79 (5th Cir. 2018), *as revised* (Dec. 26, 2018) (applying § 2244(b) to a petitioner's *Brady* claim based on

previously undiscovered facts); *In re Davila*, 888 F.3d 179, 184-87 (5th Cir. 2018) (applying § 2244(b) to a petitioner's *Brady* claim); *Leal Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009) (emphasizing that "[s]ection 2244(b)(2)(B)(i) states that claims based on a *factual* predicate not previously discoverable are successive.") (emphasis in original); *Johnson v. Dretke*, 442 F.3d 901, 911 (5th Cir. 2006) (applying the AEDPA's gatekeeping provisions to a second-in-time *Brady* claim in the state habeas context); *see also In re Coleman*, 344 F. App'x 913, 2009 WL 2957743 (5th Cir. 2009) (unpublished) (same).

Several other circuit courts have also ruled that second-in-time *Brady* claims are not exempt from AEDPA's second or successive restrictions. *See Brown v. Muniz*, 889 F.3d 661 (9th Cir. 2018) (holding that petitioner's *Brady* claim was subject to AEDPA's second or successive gatekeeping requirements because the factual predicate supporting the *Brady* claim existed at the time of the first habeas petition); *In re Pickard*, 681 F.3d 1201, 1205 (10th Cir. 2012) (*Brady* claims were "certainly second-or-successive . . . because they assert[ed] a basis for relief from the underlying convictions"); *Quezada v. Smith*, 624 F.3d 514, 520-22 (2d Cir. 2010) (applying § 2244(b) to *Brady* claim); *In re Siggers*, 615 F.3d 477, 479 (6th Cir. 2010) (same); *Tompkins v. Secretary, Dept. of Corrections*, 557 F.3d 1257, 1259-60 (11th Cir. 2009) (per curiam) (holding that all second-in-time *Brady* claims are subject to AEDPA's gatekeeping provisions); *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000) (same); *see also Crawford v. Minnesota*, 698 F.3d 1086, 1088–89 (8th Cir. 2012) (petitioner was required to obtain authorization to file a successive petition containing nonmaterial *Brady* claims).

To support his assertion, Bernard relies almost exclusively on the arguments made by the Eleventh Circuit in *Scott v. United States*, 890 F.3d 1239 (11th Cir. 2018). In *Scott*, the court examined whether AEDPA's gatekeeping provision should apply to a *Brady* allegation that could

5

not be discovered through the exercise of due diligence.  After applying what it termed the "*Panetti* factors"—the implications for habeas practice, the purposes of AEDPA, and the abuse-of-the-writ doctrine—the court determined that a second-in-time collateral claim based on a newly-revealed *Brady* violation should not be considered "second or successive" for purposes of AEDPA.  *Id.* at 1253.  Nevertheless, the court was forced to conclude it was bound by prior precedent holding that, "in § 2255 cases, all second-in-time *Brady* claims are 'second or successive' under § 2255(h), even if the petitioner could not reasonably have been expected to discover the *Brady* violation[.]"  *Id.* at 1259 (citing *Tompkins*, 557 F.3d at 1257).

Citing the *Scott* court, Bernard contends that *Tompkins*, as well as the previously-cited Fifth Circuit cases, were all wrongly decided because they did not involve an analysis of the "*Panetti* factors" in determining whether *Brady* claims are governed by AEDPA's gatekeeping provision.  This Court takes no position on whether these cases were incorrectly decided in light of *Panetti*.  But like the court in *Scott*, this Court is bound by clear circuit precedent indicating that Bernard's second-in-time *Brady/Napue* claims are "second or successive" within the meaning of § 2244(b) and § 2255(h).

Thus, until the Fifth Circuit says otherwise, Bernard must seek preauthorization to file the instant § 2255 motion before the Court can consider the merits of the *Brady/Napue* claims.  Because he has not done so, Bernard's successive application for writ of habeas corpus will be dismissed.  *See Burton v. Stewart*, 549 U.S. 147, 152  (2007) (holding the district court lacked jurisdiction to consider a successive § 2254 petition since petitioner did not obtain authorization from the court of appeals); *In re Campbell*, 750 F.3d 523, 529 (5th Cir. 2014) (petitioner must receive authorization before filing successive habeas petition).

**B.      Bernard's Alternative Motion Under Rule 60(b) is Also Successive.**

Even if his § 2255 motion is deemed successive, Bernard argues he is entitled to relief under Federal Rule of Civil Procedure 60(b).  A district court has jurisdiction to consider a Rule 60(b) motion in habeas proceedings so long as the motion "attacks, not the substance of the federal court's resolution of the claim on the merits, but some defect in the integrity of the federal habeas proceedings."  *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); *United States v. Williams*, 274 Fed. App'x 346, 347 (5th Cir. 2008) (applying *Gonzalez* to § 2255 motions).  A motion that seeks to add a new ground for relief or attacks the previous resolution of a claim on the merits is, in fact, a successive petition subject to the standards of § 2244(b).  *Gonzalez*, 545 U.S. at 531-32; *In re Sepulvado*, 707 F.3d 550, 552 (5th Cir. 2013).  In other words, a motion that asserts or reasserts substantive claims of error attacking the validity of the movant's conviction may be treated as a successive § 2255 motion to vacate.

By contrast, a motion that shows "a non-merits-based defect in the district court's earlier decision on the federal habeas petition" falls within the jurisdiction of the district court to consider.  *Balentine v. Thaler*, 626 F.3d 842, 847 (5th Cir. 2010).  Thus, if the Rule 60 motion only attacks a "defect in the integrity" of the petitioner's federal habeas proceedings and does not seek to advance any new substantive claims, the motion shall not be treated as a second-or-successive petition.  *Gonzalez*, 545 U.S. at 532.  However, it is extraordinarily difficult to establish a claim of procedural defect:

> Procedural defects are narrowly construed.  They include fraud on the habeas court, as well as erroneous previous rulings which precluded a merits determination—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.  They generally do not include an attack based on the movant's own conduct, or his habeas counsel's omissions, which do not go to the integrity of the proceedings, but in effect ask for a second chance to have the merits determined favorably.

*In re Coleman*, 768 F.3d 367, 371-72 (5th Cir. 2014) (alterations omitted).

Bernard argues his request for Rule 60 relief is not a successive habeas petition because it is solely an attack on a defect in his prior habeas proceedings—namely, the Government's continued withholding of the *Brady* material during Bernard's original § 2255 proceeding coupled with its representation to the Court that it had provided open-file discovery. Although Bernard argues that it is only this second violation—the Government's representation of an open-file policy, and not the underlying *Brady/Napue* allegations—that entitle him to reopen the § 2255 proceeding, even a cursory examination of the motion reveals the true intent is to bring the new allegations before the Court. Bernard all but admits this by stating that the appropriate remedy for the alleged defect is to allow him to file an amended motion that incorporates the new allegations he wishes to litigate. (ECF No. 661 at 63). That is the very definition of a successive petition. *See In re Edwards,* 865 F.3d 197, 204-05 (5th Cir. 2017) (finding attempt to bring new claims under the guise of "defects in the integrity of the original habeas proceedings" to be successive). Because the alleged procedural defects are simply an attempt to circumvent § 2244, Bernard's motion must be dismissed as successive.

## Conclusion

The Court concludes Bernard's motion should be construed as successive under § 2255. However, Bernard has not obtained leave from the Fifth Circuit Court of Appeals to file a successive motion as dictated by § 2244(b)(3)(A) and § 2255(h). Therefore, this Court lacks jurisdiction to consider the motion. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (Section 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition" until the appellate court has granted petitioner permission to file one).

Accordingly, **IT IS HEREBY ORDERED** that:

1.    Movant Brandon Bernard's Motion for Relief From Judgment (ECF No. 661), construed as a successive § 2255 motion,  is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction;

2.    To the extent Bernard's motion is considered a Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6), this motion is also **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction;

3.    Bernard failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing that this Court's procedural rulings are incorrect as required by Fed. R. App. P. 22 for a certificate of appealability.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  Therefore, this Court **DENIES** Bernard a certificate of appealability.  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; and

4.    All other remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED this 8th day of August, 2019.**

**ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**

9