IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CIVIL  NO. W-04-CV-164 |
| | ) CRIM. NO. W-99-CR-070(2)-ADA |
| Plaintiff, | ) |
| | ) **THIS IS A CAPITAL CASE** |
| v. | ) |
| | ) MOTION TO ALTER AND AMEND |
| BRANDON BERNARD, | ) JUDGMENT, OR IN THE |
| | ) ALTERNATIVE FOR RELIEF |
| Defendant. | ) FROM JUDGMENT, PURSUANT |
| | ) TO FED. R. CIV. P. 59(e) AND |
| | ) 60(b) |

Movant Brandon Bernard, an indigent prisoner on the federal Death Row, was convicted and sentenced in this Court in 2000. Earlier this year, he moved for relief from judgment, alleging that his sentence was tainted by violations of *Brady v. Maryland*, 373 U.S. 83 (1963), and *Napue v. Illinois*, 360 U.S. 264 (1959), that came to light for the first time in 2018. *See* Doc. 661. This Court ultimately concluded that Mr. Bernard could proceed on those claims only by first obtaining permission to file a successive application under 28 U.S.C. § 2255 from the Fifth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2255(h). *See* Order on Motion for Relief from Judgment (Doc. 664). Accordingly, on August 8 the Court entered judgment dismissing Mr. Bernard's motion. (Doc. 665.)

Mr. Bernard now asks the Court to alter and amend its judgment, or in the alternative to grant him relief from its judgment, solely to this extent:

MOTION TO ALTER AND AMEND JUDGMENT
(*United States v. Bernard*; No. W-04-CV-164) - 1

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

Mr. Bernard asks the Court to revisit its judgment and exercise its authority under 28 U.S.C. § 1631 to transfer his motion for relief from his death sentence, which this Court deemed a successive application for relief under 28 U.S.C. § 2255, to the Fifth Circuit Court of Appeals. Doing so would avoid any potential issue that might arise in the future relating to the application to Mr. Bernard's claims of the one-year statute of limitations for seeking post-conviction relief under 28 U.S.C. § 2255(f). In support of his motion, Mr. Bernard states as follows.

## I.

Mr. Bernard originally filed his motion for relief from judgment directly in this Court, rather than seeking authorization from the Court of Appeals to file a second or successive § 2255 motion, *see* 28 U.S.C. § 2255(h), because he had a good-faith argument that this Court could reach the merits of his *Brady* and *Napue* claims in the first instance. That argument rested on the Supreme Court's holding in *Panetti v. Quarterman*, 551 U.S. 930 (2007), that a second-in-time application for collateral relief does not always constitute a "second or successive" one and the fact that, by concealing the material evidence that underlay his claims, the government had made it impossible for Mr. Bernard to include those claims in his original motion under § 2255. Mr. Bernard further argued that Fifth Circuit cases appearing to foreclose that argument could be distinguished.

## II.

The Court ultimately concluded that under Fifth Circuit precedent, it lacked jurisdiction to consider the merits of Mr. Bernard's *Brady* and *Napue* claims without prior authorization from the Court of Appeals. Mr. Bernard

MOTION TO ALTER AND AMEND JUDGMENT
(*United States v. Bernard*; No. W-04-CV-164) - 2

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

anticipates seeking further review of this Court's judgment and hopes to persuade the Court of Appeals to take a different view. In the meantime, however, Mr. Bernard asks the Court to amend its judgment to the extent necessary to ensure the proper preservation of Mr. Bernard's claims.

### III.

The Fifth Circuit has indicated that in order to avoid potential statute-of-limitations issues that might arise in connection with an admittedly second or successive application for collateral relief, the prisoner should do two things simultaneously. *See In re Wilson*, 442 F.3d 872 (5th Cir. 2006). The prisoner should move in the Court of Appeals for authorization to file his second or successive application in district court, and he should simultaneously file the proposed application in district court with a request that the district court exercise its authority under 28 U.S.C. § 1631 to transfer that admittedly second or successive application to the Court of Appeals. *Wilson*, 442 F.3d. at 874 n.3. That way, if the Court of Appeals ultimately authorizes further proceedings on the second or successive application, the district court filing will have complied with the statute of limitations, and subsequent proceedings will relate back to that timely filing. *Id.*

Mr. Bernard's situation is slightly different because he filed his *Brady/Napue* claims in this Court in the first instance, based on his good-faith argument that his *Brady/Napue* application was not second or successive. Nevertheless, depending on how events unfold, he could face the same potential dispute over the timeliness of his application. Having had a good-faith legal basis for seeking review in this Court in the first instance, Mr. Bernard should not be foreclosed from federal review on statute-of-

MOTION TO ALTER AND AMEND JUDGMENT
(*United States v. Bernard*; No. W-04-CV-164) - 3

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

limitations grounds in the event that the Court of Appeals ultimately agrees with this Court that prior authorization was required. This Court can protect Mr. Bernard's access to federal review by transferring his application to the Court of Appeals now.

## IV.

Section 1631 allows this Court to transfer Mr. Bernard's application to the Fifth Circuit "in the interest of justice." This timely post-judgment motion represents Mr. Bernard's first opportunity to request that particular relief since this Court rejected his argument under *Panetti*. The relief requested is consistent with the Court's disposition of the case; the Court has concluded that authorization by the Fifth Circuit is necessary before further proceedings may be had on Mr. Bernard's *Brady* and *Napue* claims, and *Wilson* states that where such authorization is necessary, a district court may properly transfer an admittedly "second or successive" application to the Court of Appeals.

Accordingly, Mr. Bernard respectfully requests that in light of the Court's conclusion that his *Brady/Napue* application must be deemed a "second or successive" motion under 28 U.S.C. § 2255, the Court, as contemplated by *Wilson*, alter and amend its judgment to transfer Mr. Bernard's *Brady/Napue* application to the Court of Appeals pursuant to 28 U.S.C. § 1631.

///

///

///

///

MOTION TO ALTER AND AMEND JUDGMENT
(*United States v. Bernard*; No. W-04-CV-164) - 4

DATED this 3rd day of September, 2019.

Respectfully submitted,

Robert C. Owen
Law Office of Robert C. Owen
1333 W. Devon Ave., #316
Chicago, IL  60660
(512) 577-8329
robowenlaw@gmail.com

John R. Carpenter
Asst. Federal Public Defender
1331 Broadway, Suite 400
Tacoma, Washington  98402
(253) 593.6710
john_carpenter@fd.org

MOTION TO ALTER AND AMEND JUDGMENT
(*United States v. Bernard*; No. W-04-CV-164) - 5

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of filing to all registered parties.

I further certify that I mailed one copy of the foregoing document to Defendant Brandon Bernard via U.S. mail.

> s/ Amy Strickling, Paralegal
> Federal Public Defender Office

MOTION TO ALTER AND AMEND JUDGMENT
(*United States v. Bernard*; No. W-04-CV-164) - 6

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**