IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. **6:99-CR-00070-ADA-2** |
| Plaintiff, | ) **THIS IS A CAPITAL CASE** |
| v. | ) RESPONSE TO GOV'T MOTION TO RELEASE SEALED AND |
| BRANDON BERNARD, | ) RESTRICTED DOCUMENTS |
| Defendant. | ) |

Without citing any authority or demonstrating any factual need, the government has moved to obtain access to a wide range of documents, which it characterizes as having been sealed or restricted from public access years ago. Motion (dkt. 674) at 1. The government says it wants access to those documents now "[i]n anticipation of expected litigation prior to September 24," the date it has chosen for the execution of Mr. Vialva, and asks for "all of the sealed and restricted documents as to both Defendants," "to ensure that it has in its possession all of the information on file that could be potentially responsive to any inquiry during litigation." *Id.* at 1-2. The government further identifies the docket entry numbers for the purportedly sealed and restricted documents it seeks. *Id.*, Exhibit 1.

For several reasons, the Court should deny the motion.

RESPONSE TO GOV'T MOTION TO RELEASE
SEALED AND RESTRICTED DOCUMENTS
(*United States v. Bernard*; No. 6:99-CR-070-ADA(2)
- 1

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

First, some of the docket numbers in the government's Exhibit 1 – *e.g.*, numbers 257, 258, and 259 – correspond to items the government presumably already possesses, because they appear in the appellate record.[1] And two other items listed in Exhibit 1, numbers 604 and 611, are not reflected on the docket at all. Because the government has not described these purported sealed items sufficiently to allow Mr. Bernard to make an informed judgment whether to oppose unsealing them, the Court should not order them disclosed.

Second and more important, the government's request is premature, at least as to Mr. Bernard. As noted, the government speculates that the contents of these documents might somehow be relevant to rebut some argument that Mr. Vialva has not yet made but might theoretically advance at some point in the future. *See* Motion at 1 ("The United States intends to use the documents, *if needed*, in connection with any *future proceedings* involving *Christopher Andre Vialva*") (emphases added). The government offers no reason that its purported need to prepare for hypothetical "future proceedings involving" Mr. Vialva would justify unsealing documents related to Mr. Bernard. Nor does the government even acknowledge that its asserted interest could be satisfied by something less than the wholesale unsealing of documents that might implicate Mr. Bernard's interests (such as *in camera* review by the Court to identify any documents potentially relevant to Mr. Vialva and determine whether the government's purported interest in them

---

[1] Docket entries 257 and 258, dated June 1, 2000, are notes from the jury during its guilt-phase deliberations, the first advising that a foreperson had been chosen and the second reporting that a verdict had been reached. Docket number 259, from the same date, is the jury verdict itself.

RESPONSE TO GOV'T MOTION TO RELEASE
SEALED AND RESTRICTED DOCUMENTS
(*United States v. Bernard*; No. 6:99-CR-070-ADA(2)
- 2

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

outweighs either Defendant's interest in keeping them sealed). At least until one of the Defendants asserts some claim before this Court that would give the Court a meaningful basis to evaluate the government's actual need for these sealed and restricted documents in formulating its response, the government is simply on a fishing expedition.

Finally, some of the information sought by the government appears to relate to filings by Mr. Bernard's defense counsel under the Criminal Justice Act, either seeking funding for investigation or other services, or payment for counsel's work. For example, the government's list of items includes docket entry 228, "Sealed Motion by Brandon Bernard SEALED" (dated May 16, 2000, which was during jury selection). Based on undersigned counsels' familiarity with the files of Mr. Bernard's trial counsel, that filing likely related to an expert whose assistance was sought by trial counsel and who ultimately did not testify at either phase of trial. Similarly, the government's list of items includes docket entry 406, "Sealed document as to Brandon Bernard … in re: attorney expenses" (dated Sept. 30, 2004, which was during the proceedings on Mr. Bernard's initial motion under 28 U.S.C. § 2255).

Filings under the CJA by defense counsel seeking funds for reasonably necessary defense services (or payment for legal services rendered), of course, may contain otherwise confidential information. Some such requests expressly identify the defense's theory and its plans for the litigation, to explain why certain expert or investigative services are needed. Even descriptions of how defense counsel have spent their time may disclose work-product or attorney-client information by implication. For that reason, courts have explained that caution should be exercised in making information from

RESPONSE TO GOV'T MOTION TO RELEASE
SEALED AND RESTRICTED DOCUMENTS
(*United States v. Bernard*; No. 6:99-CR-070-ADA(2)
- 3

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

such documents public. In *United States v. Suarez,* 880 F.2d 626, 631 (2d Cir. 1989), for example, the news media sought access to CJA forms in a high-profile prosecution of an armed robbery that had netted the culprits $7.6 million. The court held that the public had only a qualified right to access to such documents, requiring the court to weigh that interest against the defendants' right to the effective assistance of counsel, as implicated by attorney-client privilege and work product materials. In *Suarez*, the media sought only "barebones data" (such as who was paid and how much), expressly disavowed any interest in "work product, trial strategy or privileged communications of defendants or their counsel," and made clear that a blanket description such as "for legal services" would suffice. Because those qualifications assured that no protected information would be disclosed, the appellate court approved the trial court's disclosure of that limited information.

Two statutes are also implicated here. Under 18 U.S.C. § 3006A(d)(4), "*the amounts paid*" for "services in any case" by defense counsel or others (such as investigators or experts) "shall be made available to the public by the court upon the court's approval of the payment" (emphasis added). After trial, the court shall make available an unredacted copy of the expense voucher, but only after considering the need to protect such interests as attorney-client privilege and work product. *See* § 3006A(d)(4)(c) and (d)(4)(D). The statute that governs disclosure of payments to counsel or other service providers in capital post-conviction proceedings under 28 U.S.C. § 2254 or § 2255 similarly states: "The amounts paid under this paragraph for services in any case shall be disclosed to the public, after the disposition of the

RESPONSE TO GOV'T MOTION TO RELEASE
SEALED AND RESTRICTED DOCUMENTS
(*United States v. Bernard*; No. 6:99-CR-070-ADA(2)
- 4

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

petition." *See* 18 U.S.C. § 3599(g)(3). Unlike § 3006A, that statute contains no provision for broader disclosure at a later time. By creating this difference between the statutes, Congress has specifically provided that courts should generally disclose only "the amounts paid" for necessary defense services in capital cases after the relevant proceeding concludes, rather than unsealing documents that could contain confidential attorney-client or work-product information. *Cf. Muscogee (Creek) Nation v. Hodel*, 851 F.2d 1439, 1444 (D.C. Cir. 1988) ("Where the words of a later statute differ from those of a previous one on the same or related subject, the Congress must have intended them to have a different meaning").

In this case, Mr. Bernard's § 2255 proceeding cannot yet be deemed to have concluded. As the Court will recall, we now know that during that § 2255 proceeding the government continued to suppress, as it had since trial, an expert opinion favorable to Mr. Bernard. What the government kept secret was that prior to trial, its own law enforcement expert had concluded that the "212 PIRU," the youth gang to which all the defendants in this case were alleged to belong, was hierarchically organized. This same law enforcement expert also advised the prosecutors that while the other defendants occupied higher-ranking positions in that hierarchy, Mr. Bernard was on its very bottom rung. Burying this expert opinion enabled the government to mislead the jurors about the nature of the group and Mr. Bernard's position in it. The government thus created a false picture that distorted the jurors' consideration of Mr. Bernard's culpability relative to the other defendants' and spuriously exaggerated the threat of future dangerousness posed by Mr. Bernard, who has proven to be a model prisoner. Only through these

RESPONSE TO GOV'T MOTION TO RELEASE
SEALED AND RESTRICTED DOCUMENTS
(*United States v. Bernard*; No. 6:99-CR-070-ADA(2)
- 5

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

violations of Mr. Bernard's fundamental rights, which he is presently challenging in the Fifth Circuit, was the government able to obtain its single death sentence against him. *See In re Bernard*, No. 19-50337, and *United States v. Bernard*, No. 19-7001. But even if § 3599 were deemed to implicitly authorize the same post-procedure disclosures as § 3006A, and even if Mr. Bernard's § 2255 proceeding were deemed concluded, this Court would still be required to redact privileged information or any other information protected by § 3006A(d)(4)(d).

Mr. Bernard is not suggesting that a Court could never order disclosure of more detailed information from a sealed filing relating to defense funding, but it is premature to do so here. And in any event, documents that implicate or describe core defense functions should be unsealed only where substantial justification for that action exists, and the government here has offered none.

The Court should deny the government's motion.

Dated this 24th day of August, 2020.

Respectfully submitted,

Robert C. Owen
Law Office of Robert C. Owen
53 W. Jackson Blvd., Ste. 1056
Chicago, Illinois 60604
(512) 577-8329
robowenlaw@gmail.com

John R. Carpenter
Asst. Federal Public Defender
1331 Broadway, Suite 400
Tacoma, Washington 98402
(253) 593.6710
john_carpenter@fd.org

RESPONSE TO GOV'T MOTION TO RELEASE
SEALED AND RESTRICTED DOCUMENTS
(*United States v. Bernard*; No. 6:99-CR-070-ADA(2)
- 6

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all registered parties.

I further certify that I mailed one copy of the foregoing document to Defendant Brandon Bernard via U.S. mail.

*s/ Amy Strickling*, Paralegal
Federal Public Defender Office

RESPONSE TO GOV'T MOTION TO RELEASE
SEALED AND RESTRICTED DOCUMENTS
(*United States v. Bernard*; No. 6:99-CR-070-ADA(2)
- 7

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**