**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | **CIVIL NO. W-04-CV-164** |
| **V.** | § | **CRIMINAL NO. W-99-CR-070 (2)-ADA** |
| | § | |
| **BRANDON BERNARD** | § | **\* CAPITAL CASE \*** |

### ORDER ON MOTION FOR INJUNCTIVE RELIEF

Movant Brandon Bernard was convicted under federal law of capital murder and sentenced to death. He is scheduled to be executed on December 10, 2020, at the Federal Correctional Complex in Terre Haute, Indiana, where he currently resides. On November 12, 2020, Bernard filed a motion to enjoin the government from executing him (ECF No. 706), arguing the government lacked the legal authority to set an execution date pursuant to 18 U.S.C. § 3596(a) of the Federal Death Penalty Act (FDPA) and the express terms of this Court's June 2000 judgment. The government filed a response disputing Bernard's assertions, Bernard replied, and a hearing on the motion was held via Zoom on December 1, 2020. (ECF Nos. 709, 711, 716).

After carefully considering the arguments of counsel, their pleadings, and the governing legal authorities, the Court concludes that it lacks jurisdiction to grant a stay of execution and that Bernard's motion does not meet the standards for injunctive relief. His motion (ECF No. 706) is therefore denied for the reasons discussed below.

### I. Background

In June 2000, Bernard and his co-defendant Christopher Vialva were jointly tried and convicted in the Western District of Texas for their part in the carjacking and murder of Todd and Stacie Bagley while on federal government property. Both were sentenced to death. Their

convictions were affirmed on direct appeal and certiorari was denied by the United States Supreme Court. *United States v. Bernard*, 299 F.3d 467 (5th Cir. 2002), *cert. denied*, 539 U.S. 928 (2003). Bernard and Vialva then challenged their convictions and sentences by filing motions to vacate, set aside, or correct under 28 U.S.C. § 2255 alleging a myriad of constitutional violations. After careful consideration, the district court—the Honorable Judge Walter S. Smith, Jr. presiding[1]— denied an evidentiary hearing, denied the § 2255 motions and the claims raised therein, and denied a certificate of appealability (COA). (ECF No. 449). On appeal, the Fifth Circuit also denied Bernard and Vialva a COA and their petitions for certiorari review were again denied by the Supreme Court in early 2016. *United States v. Bernard*, 762 F.3d 467 (5th Cir. 2014), *cert. denied*, 136 S. Ct. 892 (2016).

Thereafter, Bernard and Vialva filed motions under Rule 60(b) of the Federal Rules of Civil Procedure asking the district court to vacate its previous denial of their § 2255 motions. (ECF Nos. 553, 569). The district court—the Honorable Judge Lee Yeakel presiding—construed the Rule 60(b) motions as unauthorized successive petitions and dismissed them without prejudice for lack of jurisdiction. (ECF No. 570). The Fifth Circuit denied COA on the issue and the Supreme Court denied certiorari. *United States v. Vialva*, 904 F.3d 356 (5th Cir. 2018), *cert. denied*, 140 S. Ct. 860 (2020).

Bernard then filed another motion for relief from judgment in this Court in February 2019. (ECF No. 661). The motion, which Bernard argued was either a non-successive, "second-in-time" motion under § 2255 or, in the alternative, another motion filed pursuant to Rule 60(b), raised new allegations that the government (1) failed to disclose favorable evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); and (2) intentionally misled the jury in violation of *Napue v.*

---

[1] Judge Smith also presided over Bernard and Vialva's original trial.

*Illinois*, 360 U.S. 264, 269 (1959).  This Court rejected Bernard's argument that the motion was not successive and transferred the motion to the Fifth Circuit pursuant to 18 U.S.C. § 1631.[2]  (ECF Nos. 664, 667).

In an unpublished opinion dated September 9, 2020, the Fifth Circuit agreed with this Court that the Bernard's motion was a successive § 2255 petition, affirmed the transfer order, and remanded back to this Court with instructions to dismiss the successive petition for want of jurisdiction.  *United States v. Bernard*, 820 F. App'x 309, 311 (5th Cir. 2020).  The Fifth Circuit later denied Bernard's petition for rehearing *en banc*.  *Bernard*, No. 19-70021 (5th Cir.) (Order dated Nov. 6, 2020).  Bernard has not yet filed a petition for writ of certiorari in the Supreme Court challenging these decisions.

On October 16, 2020, the government scheduled Bernard's execution for December 10, 2020.  That same day, Bernard was informed of the setting of his execution date, as was this Court.  (ECF No. 698).  A little less than a month later, just after the Fifth Circuit denied *en banc* review, Bernard filed the instant motion to enjoin the government from carrying out his execution.  According to Bernard, neither § 3596(a) of the FDPA nor this Court's original judgment allow the government to set an execution date until all appellate proceedings in this case have been concluded, including further appellate review by the Supreme Court of this Court's determination that his most recent § 2255 petition was successive.  Bernard asks this Court to enjoin the government from executing him—or setting any further execution dates—"until the Supreme Court either decides the underlying procedural issue on the merits or declines to hear the case."

---

[2]  The Court originally dismissed Bernard's motion for lack of jurisdiction but later amended its judgment at Bernard's request and transferred the motion the Fifth Circuit.

## II. Analysis

**A.    This Court Lacks Jurisdiction to Enter an Injunction**

Bernard essentially asks this Court to stay his upcoming execution to allow the Supreme Court time to consider the arguments previously rejected by this Court and the Fifth Circuit—namely, that his *Brady* and *Napue* claims should not be considered successive because the factual predicate of the claims could not have been discovered at the time Bernard filed his initial § 2255 petition.  While Bernard has not actually filed a petition for certiorari as of yet,[3] he argues that the opinions of this Court and the Fifth Circuit are contrary to the Supreme Court's decision in *Panetti v. Quarterman*, 551 U.S. 930 (2007), and that "[a]t least one federal appellate panel and several concurring and dissenting judges from sister courts" agree with him.  To give the Supreme Court the opportunity to review this important federal question, Bernard contends he should be given the same amount of time to develop his certiorari petition that he would normally have if no execution date were set.

Before the Court addresses these arguments, however, Bernard must first show that this Court has the authority to stay his impending execution.  It is well-settled that a prisoner condemned to death, however imminent that death may be, has no automatic entitlement to a stay of execution.  *McFarland v. Scott*, 512 U.S. 849, 858 (1994).  And while 28 U.S.C. § 2251(a)(1) allows a federal judge "before whom a habeas corpus proceeding is pending" to stay "any proceeding against the person detained in any State court," that authority pertains only to stays of state court proceedings, not federal.

Bernard has not identified any authority similar to that conferred in § 2251(a)(1) that would give this Court jurisdiction to stay his execution date.  Even if he had, there is currently no habeas

---

[3]    Bernard indicates that under a normal appellate review process, his petition for certiorari would not be due until April 5, 2021.

corpus proceeding pending before the Court that would trigger jurisdiction, as his most recent § 2255 motion was dismissed as successive well over a year ago.  Because the habeas petition has been ruled on, the appellate mandate has issued, and the case is no longer before the Court, "the only reasonable analysis is that the habeas petition is no longer pending before the district court, and the court therefore lacks jurisdiction to enter a stay under the clear terms of the statute." *See Williams v. Cain*, 143 F.3d 949, 950 (5th Cir. 1998) (concluding that when a petitioner seeks a stay of execution pending the disposition of a writ of certiorari, "he should seek that stay in the Supreme Court itself"); T*eague v. Johnson*, 151 F.3d 291, 291 (5th Cir. 1998) (reaching the same conclusion).

Further, despite Bernard's assurance that he will, at some point in the future, file a petition for certiorari in the Supreme Court, this Court lacks authority to define the scope of Supreme Court jurisprudence or regulate the time he may expend in seeking relief in the high court.  Rather, it is the Supreme Court who should consider whether Bernard's potential certiorari petition warrants additional time for development.  Thus, if Bernard desires a stay of execution pending the filing and disposition of a petition for certiorari in the Supreme Court, he simply must seek that stay "in the Supreme Court itself." *Williams*, 143 F.3d at 950.

**B.** **Alternatively, Bernard is Not Entitled to an Injunction**

Even if the Court were to find that it had jurisdiction, Bernard failed to demonstrate that an injunction is warranted in this case.  To obtain a preliminary injunction, Bernard must establish: "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Jones v. Tex. Dep't of Criminal Justice*, 880 F.3d 756, 759 (5th Cir.

2018) (quoting *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009)); *Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015) (citing *Trottie v. Livingston*, 766 F.3d 450, 451 (5th Cir. 2014)).[4]

Notably, the party seeking injunctive relief must prove each of the four elements before a preliminary injunction can be granted. *Mississippi Power & Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985). Because a preliminary injunction is considered an "extraordinary and drastic remedy," however, it is not granted routinely, "but only when the movant, by a clear showing, carries the burden of persuasion." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985). Even when a movant establishes each of the four requirements, the decision whether to grant or deny a preliminary injunction is left to the sound discretion of the district court, and the decision to grant a preliminary injunction is treated as the exception rather than the rule. *Mississippi Power & Light*, 760 F.2d at 621.

As explained below, these factors do not support Bernard's request for an injunction. Bernard has failed to present a substantial case on the merits, and the interests of other parties, including the public, weigh in favor of denying his request to enjoin his execution.

### 1. Bernard's Arguments Lack Merit.

Bernard contends that both 18 U.S.C. § 3596 and this Court's similarly worded June 2000 judgment prohibited the government from setting an execution date because he had not completely exhausted his appellate remedies. Under § 3596, a person sentenced to death is to be incarcerated "until exhaustion of the procedures for appeal of the judgment of conviction and for review of the sentence." Bernard contends that his collateral review proceedings are still being litigated because he intends to appeal the Fifth Circuit's decision that his *Brady* and *Napue* claims were successive

---

[4] These requirements are substantially similar to those necessary for a stay of execution. *See Adams v. Thaler*, 679 F.3d 312, 318 (5th Cir. 2012) (reiterating the four perquisites for obtaining a stay of execution as set forth in *Nken v. Holder*, 556 U.S. 418, 434 (2009)). The Court will not stay Bernard's execution for the same reasons it will not grant his motion for preliminary injunction.

to the Supreme Court. As such, he argues the government lacks authority under § 3596 to schedule and carry out an execution until the Supreme Court either "grants review and conclusively determines that question or denies review."

There are several problems with Bernard's argument. To start, nothing in § 3596 speaks to the government's authority to *schedule* an execution. The statute simply states that a person sentenced to death "shall be committed to the custody of the Attorney General until exhaustion of the procedures for appeal of the judgment of conviction and for review of the sentence." 18 U.S.C. § 3596(a). While this language may prevent the government from carrying out an execution if a defendant had not yet exhausted his appeals, it has no force regarding its ability to schedule one.

Furthermore, Bernard's contention that he has not yet "exhausted all of his appeals" is dubious. Following their convictions in June 2000, Bernard and Vialva both appealed their convictions to the Fifth Circuit and Supreme Court and unsuccessfully litigated their first § 2255 petitions before this Court, the Fifth Circuit, and Supreme Court. They then litigated Rule 60(b) motions—which this Court construed as unauthorized successive § 2255 petitions—all the way to the Supreme Court. And now Bernard has litigated his most recent successive § 2255 petition in both this Court and the Fifth Circuit.

Nevertheless, Bernard argues he has not fully exhausted his procedures for appeal because he has not yet been able to seek Supreme Court review of the Fifth Circuit's decision finding his *Brady* and *Napue* claims successive. According to Bernard, "review of the sentence" under § 3596 entitles a death-sentenced prisoner to one full round of § 2255 litigation that necessarily includes the consideration of all *non-successive* § 2255 petitions. But the problem with this argument is obvious—based on clear Fifth Circuit precedent, Bernard's § 2255 petition *is* successive as determined by both this Court and the Fifth Circuit. Although Bernard seeks to change that

7

precedent by filing a petition for certiorari, such a speculative prospect does not warrant a stay of execution.  *See Ladd v. Livingston*, 777 F.3d 286, 290 (5th Cir. 2015) ("In any event, whatever our speculation about how the Supreme Court may alter the law in the future, we are bound to follow our precedent as it exists today."); *Neville v. Johnson*, 440 F.3d 221, 222 (5th Cir. 2006) (holding that Fifth Circuit precedent "remains binding until the Supreme Court provides contrary guidance"); *Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986) (holding that, notwithstanding the fact that the Supreme Court had granted a writ of certiorari in a related case, "we must follow our circuit's precedents and deny . . . a stay of execution").

Finally, Bernard contends the Supreme Court must be allowed the last word on whether his § 2255 petition is successive before his appellate review can be considered complete under 18 U.S.C. § 3596(a).  He provides no authority to support this position, but argues a contrary rule would both reward and incentivize government misconduct.  The truth of this assertion is unclear. But by not allowing a lawful sentence to be carried out until after the Supreme Court has weighed in on a determination that a petition is successive, inmates sentenced to death would also be incentivized to file frivolous successive § 2255 petitions and contest any determination that the petition was successive in order to indefinitely delay their execution.  This is clearly not the intent behind 18 U.S.C. § 3596(a)'s exhaustion language.

Consequently, Bernard fails to establish the substantial likelihood of success on the merits necessary to warrant injunctive relief.  *Jones*, 880 F.3d at 759.

## 2. The Remaining Factors Weigh Against an Injunction.

A preliminary injunction is an extraordinary remedy never awarded as a matter of right. *Winter v. National Resource Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008)). In addition to evaluating a movant's likelihood of success on the merits, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.* (citation omitted). Courts should also "pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Id.* In this case, Bernard fails to show "that the balance of equities tips in his favor, [or] that an injunction is in the public interest." *Winter*, 555 U.S. at 20; *Jones*, 880 F.3d at 759.

To start, the Court disagrees with Bernard's assertion that he will suffer irreparable harm if an injunction is not issued. The gist of Bernard's motion is that his execution date was set and will potentially be carried out without the Supreme Court having had a chance to review the Fifth Circuit's determination that his *Brady* and *Napue* claims are successive. The remedy for this harm is straightforward—Bernard could file a petition for certiorari now, or at the very least seek a stay of execution from the Supreme Court in order to have the full amount of time to complete such a petition. Since it is Supreme Court review that Bernard desires, he should be asking that Court for a stay of execution instead of this one.

Additionally, while the death penalty itself is irreversible and sometimes "weighs heavily in the movant's favor," there must come a time when the legal issues "have been sufficiently litigated and re-litigated so that the law must be allowed to run its course." *O'Bryan v. Estelle*, 691 F.2d 706, 708 (5th Cir. 1982) (per curiam). As discussed in more detail in the Background section, Bernard has thoroughly litigated the legality of his conviction and sentence for almost two decades on direct appeal and in post-conviction proceedings before this Court, the Fifth Circuit,

and the Supreme Court. Thus, like his co-defendant Vialva, Bernard has "sufficiently litigated" the legal issues in this case and "exhaust[ed] the procedures for . . . review of the sentence." 18 U.S.C. § 3596(a). And while the legal issues surrounding the *Brady* and *Napue* issues did not become available until sometime in 2018, any argument that he has been prevented from fully and fairly litigating these issues is belied by the quality and quantity of his legal filings since that time. Consequently, this Court can find no cognizable harm that will result to Bernard if his request for an injunction is denied.

Finally, the interests of the government—and the public—in enforcing valid criminal sentences outweigh Bernard's request for more time. "[E]quity must be sensitive to the [s]tate's strong interest in enforcing its criminal judgments without undue interference from the federal courts." *Crutsinger v. Davis*, 930 F.3d 705, 709 (5th Cir. 2019) (citing *Hill v. McDonough*, 547 U.S. 573, 584 (2006)). The Supreme Court has frequently explained that "both the [government] and the victims of crime have an important interest in the timely enforcement of a [death] sentence." *Bucklew v. Precythe*, 139 S. Ct. 1112, 1133 (2019); *Hill*, 547 U.S. at 584.

Granting Bernard an injunction would clearly inhibit the government's vested interest in carrying out an otherwise valid sentence and would impair the finality of this Court's criminal judgment. When "lengthy federal proceedings have run their course"—as they have in this case—"finality acquires an added moral dimension." *In re Fed. Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106, 126 (D.C. Cir. 2020) (citing *Calderon v. Thompson*, 523 U.S. 538, 556 (1998)). Bernard participated in the horrendous murders of Stacie and Todd Bagley over 21 years ago and has received the full panoply of procedural protections afforded under the Constitution and the FDPA. No further delay is warranted.

### III. Conclusion

This Court lacks jurisdiction to grant Bernard's request to enjoin his scheduled execution. Even if jurisdiction were proper, Bernard has failed to demonstrate a likelihood of success on the merits or that the balance of equities weighs in his favor. Accordingly, for the foregoing reasons, Bernard's Motion for Injunction, filed November 12, 2020 (ECF No. 706), is **DENIED**.

It is so **ORDERED**.

**SIGNED this the 3rd day of December, 2020.**

_____
**ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**