JUDGE ALAN D. ALBRIGHT

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 6:99-CR-00070-ADA-2 |
| *Plaintiff,* | **THIS IS A CAPITAL CASE** |
| v. | <span style="color:red">**EXECUTION CURRENTLY SET FOR DECEMBER 10, 2020**</span> |
| BRANDON BERNARD, | EMERGENCY MOTION TO STAY OR MODIFY EXECUTION DATE, OR, IN THE ALTERNATIVE, FOR EXPEDITED CONSIDERATION OF MOTION TO MODIFY SENTENCE |
| *Defendant.* | |

Petitioner Brandon Bernard, who faces execution on Thursday, has just filed a Motion to Modify Sentence pursuant to 18 U.S.C. § 3582 (dkt. 318). In connection with that Motion, he moves this Court to stay or modify his execution date pending its ruling on that Motion. In the alternative only, he moves the Court to expedite consideration of his Motion to Modify Sentence.

I.   **MOTION FOR STAY**

A stay of execution requires the same showing as a preliminary injunction. *See, e.g., Williams v. Chrans*, 50 F.3d 1358, 1360 (7th Cir. 1995). *See also Tamayo v. Perry*, 553 F. App'x 395, 399 (5th Cir. 2014). The relevant factors are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3)

EMERGENCY MOTION TO STAY OR MODIFY EXECUTION DATE, OR, IN THE ALTERNATIVE, FOR EXPEDITED CONSIDERATION OF MOTION TO MODIFY SENTENCE
*United States v. Bernard*, 6:99-CR-00070-ADA-2   Page | 1

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Adams v. Thaler*, 679 F.3d 312, 318 (5th Cir. 2012) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

In this case, the accompanying motion demonstrates a strong likelihood of success on the merits since it shows the Court is legally empowered to modify Mr. Bernard's sentence of death to one of life imprisonment without the possibility of release, based on exceptional and compelling reasons that warrant such a modification, including the extraordinary fact that a majority of the surviving jurors now longer believe that a death sentence is necessary or just.

Second, Brandon will be irreparably harmed if unjustly executed. And he will also be irreparably harmed if this case is rushed so that the Court cannot give this important and novel motion the attention it merits. The reality of the situation is that because the government gave Mr. Bernard just 55 days' notice of his execution date, his small legal team has been stretched unfairly thin. In that brief few weeks, counsel have been diligent in pursuing all avenues of relief on Mr. Bernard's behalf. This work included his recent Motion to Enjoin Execution (dkt. 706); preparing and filing a lengthy and well-supported clemency petition; making a formal presentation to the Department of Justice Pardon Attorney; filing a § 2241 habeas petition and motion for stay in the Southern District of Indiana; preparing for an appeal and emergency motion for stay to the Seventh Circuit, should those motions in Indiana district court be denied; and preparing for a petition for certiorari and emergency motion for stay in the Supreme Court should the Seventh Circuit either reject any emergency motion for stay (should the Indiana district court reject his motion for stay) or reverse any stay granted by the Indiana district court. And given this Court's recent ruling denying the Motion to Enjoin (dkt. 717), defense counsel are compelled to prematurely prepare and file a petition for

EMERGENCY MOTION TO STAY OR MODIFY EXECUTION DATE, OR, IN THE ALTERNATIVE, FOR EXPEDITED CONSIDERATION OF MOTION TO MODIFY SENTENCE
*United States v. Bernard*, 6:99-CR-00070-ADA-2   Page | 2

**FEDERAL PUBLIC DEFENDER**
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

certiorari seeking review of the Fifth Circuit's adverse decision on the *Brady/Panetti v. Quarterman* issue as well.

Given all these efforts by Mr. Bernard's legal team of just three lawyers, it was simply not possible to file the Motion to Modify the Sentence any earlier than it was filed. Because the Motion is meritorious, the government should not be allowed to moot it by executing Mr. Bernard on Thursday.

Mr. Bernard's legal team – even excepting this motion – has an extremely demanding workload, driven by the arbitrary scheduling of Mr. Bernard's execution date. In no other circumstance would an attorney in good faith agree to take on such a large volume of work in such a limited of time, as such a quantity of work over a compressed temporal space invites degraded performance and error. The problem has been especially acute for Mr. Owen, who represented Orlando Hall (his client of twenty years), who was executed on November 19, 2020. Mr. Owen's obligations to Mr. Hall kept him from turning his focus exclusively to Mr. Bernard's case until November 20. There are now only four court days until the scheduled execution, with an incredible amount of outstanding litigation. Staying Mr. Bernard's execution would ensure that the Court can make the most accurate decision regarding the pending motion.

Third, no party would be harmed by granting an extension of time to allow the Court to meaningfully exercise its discretion in this case. There is no need to rush Mr. Bernard's execution, except for the fact that leaders of the Department of Justice seem eager to execute as many individuals as they can before their time in power ends. This desire is not an appropriate basis for denying Mr. Bernard full consideration of the legal bases for modifying his sentence.

Fourth, there is no legitimate public interest in carrying out an execution that is now opposed by nearly half of the jurors who delivered it. At the time of Mr.

EMERGENCY MOTION TO STAY OR MODIFY EXECUTION DATE, OR, IN THE ALTERNATIVE, FOR EXPEDITED CONSIDERATION OF MOTION TO MODIFY SENTENCE
*United States v. Bernard*, 6:99-CR-00070-ADA-2   Page | 3

**FEDERAL PUBLIC DEFENDER**
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

Bernard's sentencing trial, had any one of those jurors reached that same conclusion (which they might well have, had the government not concealed the expert opinion of Sgt. Hunt regarding Brandon's position at "the very bottom" of the youth gang involved in the crime), his execution would have been barred. Nor is there any legitimate public interest in executing a Black man via a death sentence that was secured by advancing theories aligned with the racist "superpredator" trope that dominated public discussion of violent crime in the late 1990s.

## II.  MOTION TO MODIFY EXECUTION DATE

The Court also has the power to modify Mr. Bernard's pending execution date. This Court's authority to set Mr. Bernard's execution date is firmly rooted in the historical record, is recognized and respected by every branch of the federal government and has remained unaltered since the Founding.

### A.  History of Judicial Authority

Federal district courts have exercised their authority to set execution dates in capital cases for centuries. The practice dates to the earliest federal criminal statute codifying capital offenses, passed by the First Congress, a year after the establishment of the federal courts pursuant to the Judiciary Act of 1789. *See* 1 Stat. 73; *see also* 1 Stat. 112 ("An Act for the Punishment of Certain Crimes Against the United States"). Subsequent iterations of federal death penalty statutes, including the current one, left the sentencing court's firmly rooted power to set an execution date untouched. *See* 18 U.S.C. §§ 3591-3599. From the execution of Thomas Bird on June 25, 1790 in Portland, Maine[1] – the first federal execution – to the 1963

---

[1] The Hon. David Sewall issued a "writ or warrant of execution" of Thomas Bird's death sentence, to take place "at the Time mentioned in the Judgment…" *See* "To George Washington from Thomas Bird, 5 June 1790," n.1, *Founders Online,* National Archives, https://founders.archives.gov/documents/Washington/05-05-02-0299. [Original source: *The Papers of George Washington,* Presidential Series, vol.

EMERGENCY MOTION TO STAY OR MODIFY EXECUTION DATE, OR, IN THE ALTERNATIVE, FOR EXPEDITED CONSIDERATION OF MOTION TO MODIFY SENTENCE
*United States v. Bernard*, 6:99-CR-00070-ADA-2   Page | 4

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

execution of Victor Feguer[2] – the last one to be carried out before the Supreme Court invalidated all death penalty statutes in *Furman v. Georgia*, 408 U.S. 238 (1972)[3] – sentencing courts have played a role in determining the date for an execution and the historical record amply supports the executive branch's recognition of the practice.[4] Indeed, ever since 1830, when President Andrew Jackson announced the President would no longer issue execution warrants, the judiciary has been the sole source of authority to set federal execution dates. *See* J.N. Macpherson Berrien, 20 Op. Atty. Gen. 344 (1830).

When DOJ issued regulations to govern implementation of the death penalty it explicitly premised its authority on the understanding that it was subordinate to

---

5, *16 January 1790 – 30 June 1790*, ed. Dorothy Twohig, Mark A. Mastromarino, and Jack D. Warren. Charlottesville: University Press of Virginia, 1996, pp. 478–481.], *available at* https://founders.archives.gov/documents/Washington/05-05-02-0299

[2] See Docket Sheet, *United States v. Victor Feguer*, No. 7-6031 (N.D. Iowa) (district court ordering, on November 2, 1963, that "subject to interposition of executive clemency, said imposed death sentence by hanging scheduled for January 15, 1963 at approximately 5:30 a.m. at Iowa State Penitentiary at Fort Madison, Iowa," and subsequently resetting execution date).

[3] It was the district judge, for example, who set execution dates for convicted spies Julius and Ethel Rosenberg "for the week of June 15th" in 1953. *Rosenberg v. United States*, 346 U.S. 273, 279 (1953).

[4] *See, e.g.* 7 Op. Atty. Gen. 561 (1855) (Attorney General Caleb Cushing's opinion includes the following description of what was then made a formalized practice: "The court sentences, and fixes the day of execution; and unless the President interpose, the Marshal of the United States proceeds to execution in due time."); *see also* U.S. Department of Justice Bureau of Prisons Manual of Policies and Procedures for the Administration of the Federal Penal and Correctional Service (1942) (noting, under "Date of Execution," that "The day upon which the execution shall take place shall be that fixed in the judgment or order of the court which imposed the sentence. If only the week is designated the marshal shall fix the day of the week. If the court order does not fix the time of day, the execution shall take place at 'about sunrise' on the day fixed.").

EMERGENCY MOTION TO STAY OR MODIFY EXECUTION DATE, OR, IN THE ALTERNATIVE, FOR EXPEDITED CONSIDERATION OF MOTION TO MODIFY SENTENCE
*United States v. Bernard*, 6:99-CR-00070-ADA-2   Page | 5

**FEDERAL PUBLIC DEFENDER**
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

that of the courts. The justification for Section 26.2(a) of the regulations, for example, which allows the BOP to pick the time and date for an execution, was that "[t]he Department is authorized *to rely on the authority of the federal courts*, acting pursuant to the All Writs Act, 28 U.S.C. 1651(a), *to order* that their sentences be implemented." 58 Fed. Reg. 4898-01, 4899-900. (Emphasis added). To avoid encroaching upon the court's authority:

> the proposed rule directs government attorneys to seek a court order directing that execution be by lethal injection, and at a date and place determined by the Department of Justice. § 26.2. *Indeed, the very provision the comments find an "invasion" of the prerogatives of the federal judiciary begin with the qualifying language, "Except to the extent a court orders otherwise * * *" § 26.3(a)(1). Section 26.4 also begins with that qualifier.*

58 FR 4898-01, at 4900 (DOJ response during notice and comment period) (Emphasis added). In other words, this Court's decision takes precedence. If this Court issues an order regarding implementation of an execution, that order controls (and supersedes) any action by BOP. In fact, the language of the regulations shows that a court order renders the pertinent regulation inoperative. *See e.g.* 28 C.F.R. § 26.3(a) ("*Except to the extent a court orders otherwise,*" BOP may select the date, time, place and method of the execution); 28 C.F.R. § 26.4 ("*Except to the extent a court orders otherwise,*" BOP may give notice of execution to prisoner and regulate access to attorneys, family and spiritual advisors) (emphasis added).

Likewise, both the BOP Execution Protocol and the July 2019 Addendum to the BOP Execution Protocol recognize that sentencing courts have the power to set dates. For example, in connection with "establishing an execution date," it is acknowledged that the Director of the BOP is authorized to move forward with setting an execution date only after "the sentencing judge signs the appropriate Judgment and Order" and, again, "*except to the extent a court orders otherwise.*" The

EMERGENCY MOTION TO STAY OR MODIFY EXECUTION DATE, OR, IN THE ALTERNATIVE, FOR EXPEDITED CONSIDERATION OF MOTION TO MODIFY SENTENCE
*United States v. Bernard*, 6:99-CR-00070-ADA-2    Page | 6

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

Protocol provision relating to the Warden's notification of the death-sentenced prisoner, likewise, states that "*If the execution date is set by a judge*, the Warden will notify the condemned individual, in writing, as soon as possible." In connection with news media access to witnessing the execution, the Protocol describes a process for media representatives to be notified after "an execution date is set by the *court*/Director of the BOP"; and, as the more recent Addendum to the Protocol recognized, the "procedures utilized by the BOP to implement federal death sentences" could be modified at the discretion of the Director as necessary in order to "*comply with specific judicial orders*." *See* Doc. 39-1, Administrative Record, *Roane et. al. v. Barr*, 1:19-mc-00145-TSC, at 0874, 0883, 0915 (D. D.C. Aug. 30, 2019) (Emphasis added).

It is also important to note that these provisions make clear that an order from this Court setting or modifying Mr. Bernard's execution would *not* be a stay or an injunction. Because the government's regulations are conditioned upon this Court's action, issuance of an order setting a different execution date does not enjoin a government action; it instead renders the BOP date-setting regulations, *by their own terms*, non-operational. *See* 28 C.F.R. § 26.3; 28 C.F.R. § 26.4.

### B.  Recent acknowledgement by the government of judicial authority over the setting of execution dates

The sentencing court's role in setting execution dates is also reflected in post-*Furman* practice in federal capital cases. The government's pleadings in these cases also recognize that a court's decision regarding an execution date takes precedence and that the government's interest must yield to the Court's authority.

In the case of Juan Garza, for example, the sentencing court in the Southern District of Texas issued an Order of Inquiry as to why an execution date should not be set by the court. In response, the government filed a pleading explaining that it was still formulating internal agency protocols and requested that the court refrain

EMERGENCY MOTION TO STAY OR MODIFY EXECUTION DATE, OR, IN THE ALTERNATIVE, FOR EXPEDITED CONSIDERATION OF MOTION TO MODIFY SENTENCE
*United States v. Bernard*, 6:99-CR-00070-ADA-2   Page | 7

**FEDERAL PUBLIC DEFENDER**
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

from setting an execution date. *See* Request for Extension of Time to Respond to Order of Inquiry, *United States v. Garza*, No. 1:97- cv-00273, Dkt. 16 (S.D. Tex. May 22, 2000). Notably, the government in no way questioned the court's authority to set a date; it merely pleaded with the court not to do so. Four days later, the court nevertheless set Mr. Garza's execution date for August 5, 2000. *See* Order Setting Execution Date, *United States v. Garza*, No. 1:97-cv-00273, Dkt. 18 (S.D. Tex. May 26, 2000). The government again did not challenge the court's authority to set the date. On the contrary, it defended the judicially set execution date until the execution was halted by President Clinton. *See* United States' Opposition to Movant Garza's Motion to Reconsider Setting Execution Date, *United States v. Garza*, No. 1:97-cv-00273, Dkt. 21, at ¶¶ 3-4 (S.D. Tex. June 19, 2000) (noting "This Court's order setting an execution date fully conforms with 28 C.F.R. § 26.3").[5]

Similarly, in the case of former federal death row inmate David Paul Hammer, the sentencing court, on September 21, 2000, set an execution date of November 15, 2000. *See* Order Setting Date for the Implementation of the Death Sentence, *United States v. Hammer*, No. 4:96-cr-00239-JHS, Dkt. 711 (M.D. Pa. September 21, 2000). The government there also never challenged the court's authority to act. In fact, the government explicitly noted that authority and acceded to the court's shorter timeframe despite stating it would "ordinarily request that the execution date allow for the full 120-day period" to allow for 30 days to file for clemency and 90 days for the Pardon Attorney and President to consider it as set out in the Department's then-existing clemency rules. Government's Memorandum

---

[5] Mr. Garza was executed on June 19, 2001, after President Clinton issued a 6-month reprieve pursuant to his constitutional authority. *See* Executions Under the Federal Death Penalty, DEATH PENALTY INFORMATION CENTER, https://deathpenaltyinfo.org/state-and-federal-info/federal-death-penalty/executions-under-the-federal-death-penalty; *see also* U.S. CONST. art. II, § 1.

EMERGENCY MOTION TO STAY OR MODIFY EXECUTION DATE, OR, IN THE ALTERNATIVE, FOR EXPEDITED CONSIDERATION OF MOTION TO MODIFY SENTENCE
*United States v. Bernard*, 6:99-CR-00070-ADA-2   Page | 8

**FEDERAL PUBLIC DEFENDER**
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

Regarding Setting of an Execution Date, *United States v. Hammer*, No. 4:96-cr-00239-JHS, Dkt. 709 at 3-4 (M.D. Pa. Sept. 20, 2000); *see also* Government's Memorandum Regarding Setting of a Particular Time Frame for Execution, *United States v. Hammer*, No. 4:96-cr-00239-JHS, Dkt. 719 at 3 (M.D. Pa. October 10, 2000) ("Rules promulgated by the Attorney General in 1993, which relate to those provisions, do not necessitate that the Court fix a specific time or date. 28 C.F.R. § 26.2. Rather this could be selected by the Director of the Bureau of Prisons. 28 C.F.R. § 26.3(a)(1). *However, those same rules recognize this Court's inherent authority to do so.* 28 C.F.R. § 26.3(a).") (Emphasis added).

The text of the regulations and the historical record relating to their promulgation and subsequent application demonstrate the executive branch's continued recognition of and deference to the sentencing court's primary date-setting authority. This Court has clear absolute authority to set or modify an execution date.

Indeed, if any more proof were needed, *this Court* exercised that authority in entering an order scheduling the execution of Mr. Bernard's codefendant Christopher Vialva. *See* Order, *United States v. Vialva*, No. W-99-CR-070(1)-ADA (Dkt. 691) (W.D. Tex., September 11, 2020). To be sure, in that instance the Court chose the same date that the Bureau of Prisons had already identified as its preference for executing Mr. Vialva. *See id*. But in so doing, this Court plainly exercised the same authority to set an execution date that Mr. Bernard asks the Court to use here – and which, as Mr. Bernard has set out above, district courts have possessed and employed since the dawn of the Republic.

Thus, as an alternative to staying Mr. Bernard's execution for the purpose of giving full and deliberate consideration to his Motion to Modify Sentence, there is no question that this Court has the authority to modify Mr. Bernard's execution

EMERGENCY MOTION TO STAY OR MODIFY EXECUTION DATE, OR, IN THE ALTERNATIVE, FOR EXPEDITED CONSIDERATION OF MOTION TO MODIFY SENTENCE
*United States v. Bernard*, 6:99-CR-00070-ADA-2    Page | 9

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

date for that purpose, and that it need satisfy no legal standard other than the appropriate exercise of discretion. Mr. Bernard requests that the Court, if it does not stay his execution, modify the execution date instead for the same purpose.

### III. MOTION TO CONSIDER MOTION TO MODIFY SENTENCE ON AN EXPEDITED SCHEDULE

If the Court neither stays Mr. Bernard's execution nor modifies his execution date immediately, Petitioner alternatively moves this Court for an Order hearing his Motion to Modify Sentence under 18 U.S.C. § 3582(C)(1), along with this Motion to Modify the Execution Date, on an emergency basis. Specifically, Mr. Bernard requests that this Court direct the government to file any response no later than noon, December 8, 2020, and Mr. Bernard to file any reply by midnight, December 8, 2020, with this Court ruling by the close of business on December 9, 2020.

The basis for this alternative motion is that absent an emergency scheduling, the motion will unjustly be rendered moot, as Mr. Bernard is scheduled to be executed December 10, 2020, at 6 p.m. EST.

### CERTIFICATE OF CONFERENCE

Counsel consulted with Assistant United States Attorneys Joseph Gay, Jr. and Mark Frazier on December 6 and 7 about this motion. Mr. Gay represented that the government was not opposed to accelerated briefing for consideration of the Emergency Motion (to the extent it requests a stay), but was opposed to the motion to stay, the motion to reset the execution date, and an accelerated briefing schedule to address the merits of the Motion to Modify Sentence under 18 U.S.C. § 3582(c)(1) (dkt. 718).

///
///
///

EMERGENCY MOTION TO STAY OR MODIFY EXECUTION DATE, OR, IN THE ALTERNATIVE, FOR EXPEDITED CONSIDERATION OF MOTION TO MODIFY SENTENCE
*United States v. Bernard*, 6:99-CR-00070-ADA-2   Page | 10

**FEDERAL PUBLIC DEFENDER**
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

DATED this 7th day of December, 2020.

Respectfully submitted,

| | |
|---|---|
| Robert C. Owen | John R. Carpenter |
| Law Office of Robert C. Owen | Asst. Federal Public Defender |
| 53 W. Jackson Blvd., Ste. 1056 | 1331 Broadway, Suite 400 |
| Chicago, IL 60604 | Tacoma, Washington 98402 |
| (512) 577-8329 | (253) 593.6710 |
| robowenlaw@gmail.com | john_carpenter@fd.org |

EMERGENCY MOTION TO STAY OR MODIFY EXECUTION DATE, OR, IN THE ALTERNATIVE, FOR EXPEDITED CONSIDERATION OF MOTION TO MODIFY SENTENCE
*United States v. Bernard*, 6:99-CR-00070-ADA-2    Page | 11

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all registered parties.

s/ Amy Strickling, Paralegal
Federal Public Defender Office

EMERGENCY MOTION TO STAY OR MODIFY EXECUTION DATE, OR, IN THE ALTERNATIVE, FOR EXPEDITED CONSIDERATION OF MOTION TO MODIFY SENTENCE
*United States v. Bernard*, 6:99-CR-00070-ADA-2    Page | 12

**FEDERAL PUBLIC DEFENDER**
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710