JUDGE ALAN D. ALBRIGHT

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. 6:99-CR-00070-ADA-2 |
| *Plaintiff,* | ) **THIS IS A CAPITAL CASE** |
| v. | ) EXECUTION CURRENTLY SET FOR DECEMBER 10, 2020 |
| BRANDON BERNARD, | ) REPLY IN SUPPORT OF MOTION |
| *Defendant.* | ) TO MODIFY SENTENCE UNDER 18 U.S.C. § 3582(C)(1) |

The government's response boils down to this: it does not believe that a modification of sentence is appropriate because it has never before been done in the death penalty context. Response at 6.[1] This is hardly unusual, given that the First Step Act was only recently passed, and the Department of Justice has only recently restarted federal executions. As noted in Brandon's Motion,[2] but largely ignored in the government's response,[3] the

---

[1] Dkt. 722.

[2] *See* Motion at 3-5 (dkt. 718).

[3] As discussed *infra*, the Government relegates these cases, which constitute the overwhelming weight of authority, to a footnote. *See* Response at 9, n.2.

REPLY IN SUPPORT OF MOTION TO MODIFY
SENTENCE UNDER 18 U.S.C. § 3582(C)(1)
(*United States v. Bernard*, 6:99-CR-00070-ADA-2) Page 1

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

First Step Act "free[s] district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring", including this one. *See United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020); *see also* Motion at 3-4 (collecting cases). The Court has full discretion to consider Bernard's Motion, its relative novelty notwithstanding.

The government wrongly suggests that this court's discretion is limited by U.S.S.G. § 1B1.13. Response at 9-10. But buried in a footnote, the government all but admits that the weight of authority is exactly to the contrary. Response at 9, n. 2. The government invites this Court to disregard that authority because "the government disagrees with those decisions[.]" *Id.* But as Brandon's Motion demonstrates, that disagreement places the government at odds with the majority of the jurists who have considered the issue. *See* Motion at 3-4.[4] The Guideline imposes no limitation on the Court's discretion.

The government also asserts that Brandon's Motion accuses the prosecution of racism. Response at 4. That defensive response misses the point. The reality is that everyone in this society is influenced by racial bias – that's the heavy hand of the past and the present that rests on everyone's shoulder, including the writers of this document. Brandon's Motion does not single out any particular actor as harboring an enhanced racial animus. But the sad truth of the matter is, that in the late 90s unconscious racial bias

---

[4] Citing, *inter alia*, *United States v. Cantu*, 423 F.Supp.3d 345, 351–52 (S.D. Tex. 2019) (following the majority of district courts and holding that the correct interpretation of § 3582(c)(1)(A) – based on text, statutory history and structure – is that when a defendant brings a motion for modification under 18 U.S.C. § 3582(c)(1), the court has discretion to determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)-(C) warrant granting relief).

REPLY IN SUPPORT OF MOTION TO MODIFY
SENTENCE UNDER 18 U.S.C. § 3582(C)(1)
(*United States v. Bernard*, 6:99-CR-00070-ADA-2) Page 2

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

expressed itself through the superpredator myth. *See, e.g.,* Response at nn. 7 and 8 and accompanying text. Now that we all can recognize that the superpredator myth influenced a lot of bad decisions during that era (like seeking death against Brandon), everyone has a responsibility to do what they can to ameliorate the negative impact of such decisions. This is especially true for the courts, which was the point that Justice Kennedy made in *Pena-Rodriguez*,[5] as quoted in the Motion.[6]

Finally, the government suggests that this Court is powerless to prevent the injustice currently unfolding, claiming that, in this context, the phrase "term of imprisonment" divests this court of the broad discretionary authority otherwise provided by the First Step Act. Response at 5-7. But the text of the statute allows for reduction in the severity of a term of imprisonment. 18 U.S.C. § 3582(c)(1)(A) (see Response at 8, quoting statute). Reducing a term of imprisonment from (a) life until the government kills you by implementing an unjustly secured sentence that is now disavowed by jurors who delivered it because the verdict was based on inaccurate and incomplete information, to (b) life without parole, is of course a reduction in the severity of the term of imprisonment.

///

///

///

///

///

---

[5] *Pena-Rodriguez v. Colorado*, 137 S. Ct. 855, 871, 197 L. Ed. 2d 107 (2017).

[6] Dkt. 718 at 28.

REPLY IN SUPPORT OF MOTION TO MODIFY
SENTENCE UNDER 18 U.S.C. § 3582(C)(1)
(*United States v. Bernard*, 6:99-CR-00070-ADA-2) Page 3

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

The Court has the discretion to do what is right here and prevent an unjust execution. As explained fully in the Motion,[7] a number of extraordinary and compelling reasons justify saving Brandon's life through application of 18 U.S.C. § 3582(c)(1).

DATED this 8th day of December, 2020.

Respectfully submitted,

Robert C. Owen
Law Office of Robert C. Owen
53 W. Jackson Blvd., Ste. 1056
Chicago, IL 60604
(512) 577-8329
robowenlaw@gmail.com

John R. Carpenter
Asst. Federal Public Defender
1331 Broadway, Suite 400
Tacoma, Washington 98402
(253) 593.6710
john_carpenter@fd.org

---

[7] Dkt. 718 at 5-27.

REPLY IN SUPPORT OF MOTION TO MODIFY
SENTENCE UNDER 18 U.S.C. § 3582(C)(1)
(*United States v. Bernard*, 6:99-CR-00070-ADA-2) Page 4

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all registered parties.

s/ Amy Strickling, Paralegal
Federal Public Defender Office

REPLY IN SUPPORT OF MOTION TO MODIFY
SENTENCE UNDER 18 U.S.C. § 3582(C)(1)
(*United States v. Bernard*, 6:99-CR-00070-ADA-2) Page 5

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**